UNITED STATES, Appellee,

v.

Nicholas E. GROSTEFON, Jr., Senior Airman, U. S. Air Force, Appellant.

No. 41,055.
ACM S25116.

U. S. Court of Military Appeals.

March 22, 1982.

For Appellant: *Captain Walter L. Gunnison, Jr.* (argued); *Colonel George R. Stevens, Captain Michael Lennon.*

For Appellee: *Captain Richard O. Ely, II* (argued); *Colonel James P. Porter.*

For Amicus Curiae on Behalf of Appellee: *Rear Admiral John S. Jenkins,* JAGC, USN, Judge Advocate General of the Navy.

*Opinion of the Court*

COOK, Judge:

The accused was tried by special court-martial on November 6 and 7, 1980, and was convicted, despite his pleas, of wrongfully possessing marihuana and wrongfully introducing marihuana into a military installation, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The adjudged and approved sentence extends to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $334 pay per month for 6 months, and reduction to airman basic.

On December 10, 1980, the accused executed a request for appellate representation and requested his appellate defense counsel "to urge in my behalf all errors or other matters which he may discover from the record of trial and accompanying papers, ·together with the errors and other matters listed below." Listed on the accused's Request for Appellate Defense Counsel (AF Form 304) were the following assertions:

a. The Trial Court erred in refusing to grant the Defendant's Motion to Suppress.

b. The Trial Court erred in refusing to grant the Defendant's Motion for a Finding of Not Guilty.

c. The Trial Court erred in admitting prosecution exhibits 14 and 15.

d. The Trial Court erred in finding the defendant guilty of the specifications and the charge.

On March 5, 1981, the accused's case was "submitted [to the United States Air Force Court of Military Review] on its merits" without any reference to the issues asserted by the accused.[1] On March 13, 1981, the Court of Military Review affirmed the accused's conviction and sentence in a one-sentence *per curiam* opinion. Subsequently,

---

1. Rule 10, Courts of Military Review Rules of Practice and Procedure, provides, in pertinent part:

   Any request for appellate defense counsel may be accompanied by a statement as to the errors or other matters urged as grounds for

relief. If trial defense counsel files a brief as provided in Article 38(c), the brief may be submitted in lieu of this statement.

10 M.J. LXXXII (1980). Identical language appears in the earlier version. *See* 3 M.J. XCVII (1969).

in response to the accused's wishes, appellate defense counsel petitioned this Court for review, but submitted the case "for consideration ... on its merits" without assigning specific errors.

On June 29, 1981, this Court specified (11 M.J. 358) the following issue:

DID APPELLANT'S APPELLATE DEFENSE COUNSEL COMMIT ERROR WHICH MATERIALLY PREJUDICED THE SUBSTANTIAL RIGHTS OF THE APPELLANT WHEN HE FAILED TO ASSIGN, AS ERRORS FOR REVIEW, FOUR ERRORS ENUMERATED BY THE APPELLANT IN HIS REQUEST FOR APPELLATE DEFENSE COUNSEL?

Upon notification of the specified issue, assigned appellate defense counsel withdrew from the case (11 M.J. 470) and the trial defense counsel was appointed to represent the accused before this Court.[2]

Newly-appointed appellate defense counsel argues that under the doctrine of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellate defense counsel was obligated to submit the errors advanced by the accused for consideration of the appellate courts. Appellate government counsel counter that *Anders* should not be slavishly applied in military practice and that the four issues urged *"are wholly frivolous."* We believe that this Court should clarify the practice to be followed in the military justice system.

The *Anders* case arose in the context of California appellate court procedure which permitted a court-appointed attorney who "thoroughly studies the record, consults with the defendant and trial counsel and conscientiously concludes, and so advises the appellate court, that there are no meritorious grounds of appeal" to withdraw if "the appellate court is satisfied from its own review of the record, in light of any points personally raised by the defendant, that appointed counsel's conclusion is correct." *Id.* at 740 n. 2, 87 S.Ct. at 1398 n. 2. The appeal then proceeded without appointment of other counsel and a decision was reached without argument.

Anders had been convicted of possessing marihuana and sought to appeal. His motion that the California District Court of Appeal appoint counsel to represent him was granted. However, after studying the record and consulting with Anders, appointed counsel concluded that there was no merit to the appeal and so advised the court by letter; however, at the same time, he notified the court that Anders wished to file a brief on his own behalf. Anders then requested the appointment of another attorney. His request was denied, and Anders filed his own brief. After response by the State, the California District Court of Appeal affirmed the conviction. Six years later, Anders filed an application for a writ of habeas corpus in the California District Court of Appeal seeking to have his case reopened on the grounds of deprivation of the right to counsel in his original appeal. The court denied the application and stated that it had again reviewed the record and determined that the appeal was without merit. The United States Supreme Court held "that ... [the state's] action" did "not comport with fair procedure and lacks that equality that is required by the Fourteenth Amendment." *Id.* at 741, 87 S.Ct. at 1398.

The Court began by reiterating its concern about "discrimination against the indigent defendant on his first appeal." It noted that "equal justice was not afforded an indigent appellant where the nature of the review 'depends on the amount of money he has.' " *Ibid.* It then set down what it considered the rule which governed the situation:

The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and

---

**2.** We commend counsel for the quality of their briefs and express our appreciation for the *ami-* *cus curiae* brief filed on behalf of the Department of the Navy.

without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 87 S.Ct. at 1400 (footnote omitted).

In essence, the Supreme Court condemned the California practice which required, as a condition to withdrawal, that the appointed attorney file a letter which, in effect, asserted counsel's opinion which was in direct contradiction to the wishes of his client and which left the client without counsel to assist him in asserting his own appeal.

*Anders* has not been a favored case. In fact it has recently been cited by the Supreme Court for the proposition that "a policy of withdrawal from frivolous cases would not violate the Constitution." *Polk County, et al. v. Dodson*, —— U.S. ——, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). However, the problems faced by the California courts and the Supreme Court were and are different from those we encounter in the military practice and require different solutions. As I said in *United States v. Larneard*, 3 M.J. 76, 84 (C.M.A.1977):

It seems to me, therefore, that the majority's recommendation, in note 19, of the procedure suggested in *Anders v. California,* . . . [*supra*], for a counsel who perceives "the absence of merit in his client's appeal" is inappropriate. In *Anders*, the Supreme Court proposed that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* [386 U.S.] at 744, 87 S.Ct. at 1400. That suggestion was made to overcome the constitutional inadequacies of the then California practice, under which court-appointed counsel could ask to withdraw because he found no merit in the appeal and, thereafter, the defendant was left without counsel, even though he had asked for substitute counsel and had himself advanced a number of assignments of error. That situation cannot occur in the military.

*Anders* is inapposite to the instant case for several reasons. First, *Anders* deals with what a competent counsel considered to be frivolous errors. Here, the errors urged by the accused were presumably framed by the trial defense counsel as part of his continuing responsibility to represent the accused after trial. *See United States v. Palenius*, 2 M.J. 86 (C.M.A.1977). Second, the appointed counsel for Anders declined to advance the errors Anders sought, filed a letter with the court indicating he found them to have no merit on appeal, and withdrew from the case leaving Anders with no legal representation. Here, appellate defense counsel did not withdraw; he only failed to assert the errors urged from below. Third, the California procedure was designed to eliminate, as much as possible, congestion in the judicial system occasioned by the filing of frivolous appeals by court-appointed counsel. Here, accused's appeal is mandated by the responsibility of the Court of Military Review to review the record for errors of law and fact, whether or not errors are asserted for their

consideration.[3] Fourth, the Supreme Court was concerned with the plight of Anders after his counsel was permitted to withdraw in contrast to the situation where retained counsel would probably not have made such a request, which amounted to economic discrimination against the indigent defendant. Here, the accused is guaranteed by law appointed counsel who must advance his requests for appeal both to the Court of Military Review and, upon petition, to this Court.[4] Consequently, the relative relationship between the appointed appellate counsel and the client in California and in the military system is abundantly dissimilar.

The Uniform Code of Military Justice provides many benefits not shared by civilian defendants.[5] What we must do is to formulate a procedure which will insure that those benefits are properly safeguarded.

■ Appellate defense counsel has the obligation to assign all arguable issues, but he is not required to raise issues that, in his professional opinion, are frivolous.[6] But he is, after all, an advocate, and if he errs, it should be on the side of raising the issue.[7] There can be little harm in this practice since the Court of Military Review has the mandatory responsibility to read the entire record and independently arrive at a decision that the findings and sentence are correct in law and fact.[8] Hence, raising an issue that counsel does not think is meritorious would, at worst, signal the Court of Military Review to consider the record in light of that issue. *See High v. Rhay*, 519 F.2d 109 (9th Cir. 1975). If the accused urges an issue which appellate counsel believes would be counter effective to the accused's case, they should so inform the accused and seek to have him withdraw it. If he refuses, they may still ethically list the issue for consideration of the appellate court without further briefing. In considering the relative viability of issues, the spectrum runs from clearly reversible error at the one end to purely frivolous at the other.[9] Many, if not all, the errors urged by the accused with the assistance of his trial defense counsel fall in between. Thus, the proper procedure for appellate defense counsel, after consultation with the accused, is to identify the issue to the appellate court and to supply such briefs and argument as he feels will best advance his client's interest. We do not mean to say that every issue advanced by trial defense counsel must be adopted and briefed *vel non* by appellate defense counsel; indeed, appellate

3. Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

4. Article 70, UCMJ, 10 U.S.C. § 870.

5. Moyer, *Procedural Rights of The Military Accused: Advantages over a Civilian Defendant*, 22 Me.L.Rev. 105 (1970).

6. "Although a defense attorney has a duty to advance all colorable claims and defenses, the canons of professional ethics impose limits on permissible advocacy. It is the obligation of any lawyer—whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals." *Polk County et al. v. Dodson*, —— U.S. ——, 102 S.Ct. 445, 452, 70 L.Ed.2d 509 (1981) (footnote omitted). "But the decision to forego potentially meritorious issues on appeal requires as much client input as does the decision whether to appeal in the first instance." *Barnes v. Jones*, 665 F.2d 427, 435 (2d Cir. 1981) (slip opinion at 302).

7. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); Her-

mann, *Frivolous Criminal Appeals*, 47 N.Y.U.L. Rev. 701 (1972).

8. Article 66(c), *supra*.

9. The fact that the weight of authority is against a particular issue does not, in many cases, make it frivolous. The California District Court of Appeal offered this definition:

First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment.

*People v. Johnson*, 123 Cal.App.3d 106, 176 Cal.Rptr. 390, 391 (1981). *But compare*: "the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders v. California, supra*, 386 U.S. at 744, 87 S.Ct. at 1400.

defense counsel are assumed to have particular skills in their fields. *Barnes v. Jones*, 665 F.2d 427 (2d Cir. 1981). Appellate defense counsel may well wish to restate issues in a manner they believe will be more responsive to the courts before which they practice. However, we do not believe that appellate defense counsel can ignore the issues urged from below without the express consent of the accused, after proper advice.

■ We must recognize the dichotomy of counsel in the military system occasioned by the fact that trial defense counsel may be anywhere in the world and appellate defense counsel are clustered in Washington, D.C. Thus, communication between the two echelons of counsel (and with the accused) is mandatory.[10]

We do not wish to imply any improprieties occurred in this case. There has been substantial evidence submitted by the original appellate defense counsel of his communications with the accused and with trial defense counsel. Further, we do not find any indication that the Court of Military Review failed to properly consider the entire record—including the accused's request for appellate representation with the four

errors delineated—or that there was error in that court's holding.[11] We are, instead, concerned with the perception of an accused that his appointed appellate counsel has not given him the full representation demanded by the Uniform Code of Military Justice. It is with this lacuna in the record before us that we must deal.

Further, we must also recognize that even the most conscientious counsel and judges will occasionally overlook an error in the press of dealing with a load of cases,[12] and, for that reason, any assistance in the identification of issues can further the proper administration of military justice.[13]

■ Henceforth, we will require that when the accused specifies error in his request for appellate representation or in some other form, the appellate defense counsel will, at a minimum, invite the attention of the Court of Military Review to those issues and, in its decision, the Court of Military Review will, at a minimum, acknowledge that it has considered those issues enumerated by the accused and its disposition of them. If the Court of Military Review decides that the issues have no merit, appellate defense counsel will so no-

---

10. The affidavit of original appointed appellate defense counsel filed by the Government shows commendable consultation between the appellate defense counsel, the accused, and the assistant trial defense counsel. *See United States v. Ponds*, 1 U.S.C.M.A. 385, 388, 3 C.M.R. 119, 122 (1952). What is lacking is a specific discussion of the issues advanced by the accused and the proper procedures to be followed on appeal.

11. Indeed, the very nature of the issues specified by the accused is such that they could not have been ignored by the Court of Military Review in the proper performance of its statutory responsibilities. We also note that two of the issues submitted by the accused were specifically considered by the staff judge advocate in his review and were resolved adversely to the accused.

12. The staff of this Court reviews the records of all cases submitted for review upon petition. We have never hesitated to specify issues when, in our opinion, they are deserving of our attention, whether or not they are assigned by appellate defense counsel. *See* Feld, *Development of the Review and Survey Powers of the United States Court of Military Appeals*, 12

Mil.L.Rev. 177 (1961); Fidell, *The Specification of Appellate Issues by the United States Court of Military Appeals*, 31 JAG J. 99 (1980). *See also* Annual Reports of the United States Court of Military Appeals and the Judge Advocates General of the Armed Forces and General Counsel of the Department of Transportation for the number of issues specified in various years. Thus, even a case submitted to us on the merits is perused for possible issues undetected below. The instant case is a good example of this procedure.

13. It would be virtually impossible for this Court to accomplish the laudable objectives intended by Congress in enacting the Uniform Code of Military Justice, without the competent, intelligent, and wholehearted assistance of everyone who is connected in any way with military justice. This job is simply too big to be done by this Court alone. *United States v. Fisher*, 8 U.S.C.M.A. 396, 398–99, 24 C.M.R. 206, 208–09 (1957). *See also United States v. Larneard*, 3 M.J. 76 (C.M.A. 1977); *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977).

tify the accused and make his recommendations as to whether the accused should petition for further review to this Court and of his recommendations as to submission of the same issues. Unless the accused consents to withdrawal or abandonment of the issues before this Court, appellate defense counsel will, in the petition for review, identify the issues. If the accused wishes to withdraw the issues, or change or modify them, appellate defense counsel will so state in the petition. Of course, this in no way prevents or discourages appellate defense counsel from submitting briefs and arguments on those issues which, in his professional judgment, have arguable merit. However, in no case will the issues submitted by the accused be ignored without evidence of the accused's concurrence in that decision.

In light of the rule of practice which we are prescribing, an appellate counsel cannot properly be criticized or admonished for identifying an issue to our Court or to the Court of Military Review—no matter how frivolous the issue—when that issue has been requested by the accused. Of course, identification of the issue does not necessitate extensive briefing. While we are as interested as any other appellate

tribunal in expediting the consideration of appeals and, with that end in mind, would usually encourage lawyers practicing before us to use procedures which reduce our paperwork, in the present situation other considerations are paramount. *Barnes v. Jones, supra.*

We will expect the Courts of Military Review to specify issues and request briefs of those issues which they believe are deserving of that increased attention.

We have examined the entire record in this case and find that the issues asserted by the accused do not require our corrective action. Article 59(a), UCMJ, 10 U.S.C. § 859(a).[14]

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

FLETCHER, Judge (dissenting):

I would remand this matter for consideration and resolution of the question to the United States Air Force Court of Military Review. I perceive the majority decision as making procedural rules for the Court of Review. I believe this is the sole prerogative of the Judge Advocate General.[1]

---

14. The nature of the issues raised initially by accused and his counsel is such that we find no occasion in this case to remand to the Court of Military Review, which has the fact-finding powers that we lack. In this instance, the motion to suppress hinged on the application of legal principles, rather than on the credibility of witnesses. The motion for a finding of not guilty raises only the legal issue of sufficiency of the evidence. The admissibility of the two prosecution exhibits of which accused complained did not hinge on the trial judge's determination of the credibility of witnesses, but instead on a legal issue. All these issues of law we have reviewed and find lacking in merit. The fourth contention—that the trial court erred in finding accused guilty of the specifications and the charge—must inevitably have

been considered by the Court of Military Review in the performance of its statutory duties under Article 66. To whatever extent the accused intended by this issue to raise the question of legal sufficiency of the evidence—a matter within our purview—he has duplicated his second issue, which we have considered. Thus, any possibility of prejudice to the accused has been eliminated.

1. Article 66(f), Uniform Code of Military Justice, 10 U.S.C. § 866 is as follows:
    (f) The Judge Advocates General shall prescribe uniform rules of procedure for Courts of Military Review and shall meet periodically to formulate policies and procedure in regard to review of court-martial cases in the office of the Judge Advocates General and by Courts of Military Review.