UNITED STATES, Appellee,

v.

Ralph L. KNIGHT, Private, U.S. Army, Appellant.

No. 42,145.
CM 441193.

U. S. Court of Military Appeals.

March 28, 1983.

For Appellant: *Captain John Lukjanowicz* (argued); *Major James F. Nagle, Captain James S. Currie* (on brief); *Major Raymond C. Ruppert, Major Charles A. Byler, Captain Thomas R. Peppler.*

For Appellee: *Captain David A. Brown* (argued); *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Major Rexford T. Bragaw, III* (on brief); *Colonel James Kucera.*

*Opinion of the Court*

COOK, Judge:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of attempted robbery, robbery, and burglary, in violation of Articles 80, 122 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 922, and 929, re-

spectively. The approved sentence extends to a dishonorable discharge, confinement at hard labor for 3 years, forfeiture of all pay and allowances, and reduction to private (E–1).

Prior to pleading, the accused challenged the sufficiency of the burglary specification on the grounds that the word "break" was omitted. Defense counsel contended that this omission was fatal, citing *United States v. Green,* 7 M.J. 966 (A.C.M.R.), *pet. denied,* 8 M.J. 176 (1979); *United States v. Hart,* 49 C.M.R. 693 (A.C.M.R.1975); and paragraph 208 of the Manual for Courts-Martial, United States, 1969 (Revised edition). The military judge denied the motion, holding that the use of the word "burglariously" sufficiently implied a "breaking." Defense counsel also challenged the sufficiency of the attempted robbery specification because of the omission of the words "against his will." The military judge denied this motion without giving any reasons for doing so.

The post-trial review of the staff judge advocate adequately set forth the evidence for the respective parties but failed to set forth the applicable legal principles, and did not discuss the law of principals. Defense counsel declined to submit any matters in rebuttal to the review. *See United States v. Goode,* 1 M.J. 3 (C.M.A.1975).

In his request for appellate representation, the accused listed:[1]

2. The following errors or other matters . . . as grounds for relief:

a. Charge III defective.

b. Charge I defective.

c. Insufficient evidence to support conviction for robbery (Charge I).

With the record in this posture, the case was reviewed by the United States Army Defense Appellate Division and was then submitted to the United States Army Court of Military Review without specific assignment of error by appellate defense counsel. That court affirmed in a short-form opinion. The case was subsequently submitted to this Court on the merits. However, on the basis of our grant in *United States v. Grostefon,* 11 M.J. 358 (1981), we specified the following issue:

WHETHER IN LIGHT OF THE ISSUE GRANTED REVIEW IN *UNITED STATES V. GROSTEFON, JR.,* DOCKET NO. 41,055/AF, APPELLANT WAS PREJUDICED BY APPELLATE DEFENSE COUNSEL'S FAILURE TO ASSIGN ERROR BEFORE THE UNITED STATES ARMY COURT OF MILITARY REVIEW IN REGARD TO THE FOLLOWING MATTERS:

(a) That the specification of Charge I is legally insufficient to allege attempted robbery because of the absence of an allegation that accused's conduct was "against . . . [the] will" of the alleged victim. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Appendix 6c, Forms 1 and 92;

(b) That, as a matter of law, the evidence is insufficient to support the findings of guilty of the specification and Charge I;

(c) That the allegations of fact of specification, Charge III, are legally insufficient to allege a violation of Article 129, Uniform Code of Military Justice, 10 U.S.C. § 929. *See* Manual, *op. cit.* Appendix 6c, Form 112; and

(d) That the evidence of record is insufficient, as a matter of law, to support a finding of "force and violence" of the kind required for robbery, as alleged in the specification of Charge III.[2]

After this issue was specified, the initially appointed appellate defense counsel withdrew from the case and were replaced by

---

1. In further correspondence with appellate defense counsel, the accused continued to maintain his innocence and offered sketches and arguments in support thereof. After an exchange of correspondence with the appointed appellate defense counsel in which he was advised that they saw no issues of merit in his appeal, the accused, rather poignantly, asked, "[H]ow do I get you to *review* my case." Significantly, this is the situation we sought to prevent in *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982).

2. This should read "Charge II."

new appellate defense counsel. Substitute appellate defense counsel submitted an appellate brief addressed to the *Grostefon* issue and our specified sub-issues. Appellate Government counsel, when replying, had the benefit of our decision in *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). In essence, the Government argues that the issues are frivolous,[3] that the accused has had the benefit of review of his case by three appellate defense counsel and the Court of Military Review,[4] and, in sum, that the Constitution requires no more. We disagree.

■ In *Grostefon,* we prescribed a "rule of practice" which required, at a minimum, that when an accused specifies any error in his request for appellate representation or in some other form, the appellate defense counsel will invite the attention of the Court of Military Review to those issues, and the Court of Military Review will acknowledge specifically that it has considered and disposed of those issues. We did not ground our decision either on the Constitution or on the decision in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), but upon the responsibilities of appellate counsel and courts as set out in Articles 66 and 70 of the Uniform Code of Military Justice, 10 U.S.C. §§ 866 and 870, respectively; *see also* para. 102*b,* Manual, *supra.* In addition, we followed the practice of examining the issues not advanced by appellate counsel in those cases

docketed on the *Grostefon* issue to determine if they merited "our corrective action." 12 M.J. at 437.

■ What distinguishes this case from the *Grostefon* series is that, in addition to the common issue, we attempted to specify sub-issues which would highlight the issues identified by the accused and added one other issue we considered reasonably included therein [sub-issue (d)]. Our review of the brief submitted by substitute appellate defense counsel convinces us that those issues deserve briefing by appellate defense counsel and consideration by the Court of Military Review. Therefore, a remand to that Court is necessary. However, some parts of these issues are clearly of a legal nature and can be resolved here before remand.

■ Turning first to the specification alleging burglary, in violation of Article 129, the pertinent language is as follows:

In that Private E2 Ralph L. Knight, US Army, Company B, 2d Battalion, 77th Armor, did, at Fort Lewis, Washington, in an area of the installation under exclusive federal jurisdiction and military control, on or about 3 February 1981, in the night time, burglariously enter the room of Private E2 Dennis L. Straight and Private E2 David J. Venske, with intent to commit robbery therein.

---

3. In support of their argument, appellate Government counsel submitted affidavits from the appointed appellate defense counsel, the supervising attorney, and the senior supervising attorney, all attesting to their professional opinion that the matters raised by the accused were frivolous.

4. *Appellate Government counsel are apparently contesting the basis of the decision in United States v. Grostefon, supra.* There is little purpose in discussing the Sixth Amendment when the right to appellate representation is given by Article 70, Uniform Code of Military Justice, 10 U.S.C. § 870, and it makes little sense to give the accused a right to appellate counsel if that counsel is not required to provide adequate representation. Further, this right is not satisfied by a mere examination of the accused's case by appellate counsel, but must also in-

clude representation of the accused's desires insofar as possible within ethical constraints. *See United States v. Grostefon, supra* at 435 and 437; para. 102*b,* Manual for Courts-Martial, United States, 1969 (Revised edition). Our holding in *Grostefon* resolves appellate Government counsel's argument that review by the Court of Military Review under Article 66 is sufficient compliance with military due process; the simple answer is that this case shows that it is not.

[W]e must also recognize that even the most conscientious counsel and judges will occasionally overlook an error in the press of dealing with a load of cases, and, for that reason, any assistance in the identification of issues can further the proper administration of military justice.

*Id.* at 436 (footnotes omitted).

As noted, defense counsel challenged omission of the words "break and" prior to "enter."

Article 129 provides:

Any person subject to this chapter who, with intent to commit an offense punishable under sections 918–928 of this title (articles 118–128), breaks and enters, in the nighttime, the dwelling house of another, is guilty of burglary and shall be punished as a court-martial may direct.

Paragraph 208, Manual, *supra,* lists the elements of proof for burglary as follows:

*Proof.* (*a*) That the accused *broke* and entered a certain dwelling house of a certain other person, as specified; (*b*) that the *breaking* and entering were done in the nighttime; and (*c*) that the *breaking* and entering were done with the intent to commit the alleged offense therein.

(Emphasis added.)

Form 111, Appendix 6c, Manual, *supra,* contains this language:

In that _____ did, at _____, on or about _____ 19___, in the nighttime, burglariously *break* and enter the (dwelling house) (_____ within the curtilage) of _____, with intent to commit (murder) (larceny) (_____) therein.

(Emphasis added.) Article 129 was taken from Article of War 93 and was intended to include "all the elements of common law burglary." Uniform Code of Military Justice, Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st. Sess. 1234 (1949). The specification form listed for burglary under A.W. 93 includes this language: "[I]n the nighttime, feloniously and burglariously *break* and enter." Form 89, Appendix 4, Manual for Courts-Martial, U.S. Army, 1949 (emphasis added).

It is clear that the words "break and enter" are essential to the specification alleging commission of the offense of burglary. The military judge ruled that the word "burglariously" fairly encompasses the missing word "break." This was error. "Burglariously" is defined as "[a] technical word which must be introduced into an indictment for burglary at common law." Black's *Law Dictionary* 247 (Rev. 4th ed. 1968). "Burglariously breaking into a building is breaking in with the intent to steal." *State v. Gentry,* 329 Mo. 282, 44 S.W.2d 27, 31 (Mo.1931); *see State v. Jones,* 365 S.W.2d 508, 516 (Mo.1963); *State v. Hale,* 45 Hawaii 269, 367 P.2d 81, 85 (Hawaii 1961); *see also* discussion in *State v. Vandergriff,* 403 S.W.2d 579, 581 (Mo.1966). Thus, the word "burglariously" is used to imply the intent with which the alleged "breaking and entering" is done and is not a substitute for either of the latter two words. Hence, the specification cannot be sustained over the accused's objection and in the face of his plea of not guilty. Upon remand, the Court of Military Review may determine whether the evidence is sufficient to sustain a finding of the lesser included offense of housebreaking, in violation of Article 130, UCMJ, 10 U.S.C. § 930.

◼ In reaching its decision on the legal sufficiency of the evidence pertaining to Charge I, upon remand we invite the attention of the court below to the testimony of the victim, Venske, who described the attempted "robbery" as feeling hands on his back "kind of holding me down with a little tension" and "kind of fumbling around like he was trying to get into the pocket." Venske also testified that he initially "thought it was a joke." The question seemingly raised is whether this evidence supplies the necessary "force or violence or fear of immediate or future injury to his person" required by Article 122.[5] However,

---

5. To constitute robbery, it is necessary not only that the property be taken from the person or presence of another, but also that the taking be accomplished by the use of force or threatened force . . .

Wharton's *Criminal Law* § 474 (C. Torcia 14th ed. 1981).

The taking of property from the person of another by stealth, i.e., without force or threatened force, does not constitute robbery. Thus, the picking of a person's pocket, using only such force as is necessary to lift and remove the property from the pocket, is not robbery. . . .

since the Court of Military Review has independent fact-finding power, they are better able initially to resolve this question.

Further, upon remand, both counsel and the court below might well address the adequacy of the staff judge advocate's review, particularly as to its failure to provide a rationalization of the legal principles involved, see *United States v. Cordova*, 7 M.J. 673 (A.C.M.R.1979), *pet. denied*, 9 M.J. 20 (1980); *United States v. Morgan*, 50 C.M.R. 589, 592 (A.C.M.R.1975) (O'Donnell, J., dissenting); *United States v. Donoho*, 46 C.M.R. 691 (A.C.M.R.1972), *pet. denied*, 22 U.S.C.M.A. 645 (1973); and the absence of any discussion of the law of principals, see *United States v. Burroughs*, 12 M.J. 380 (C.M.A.1982); *United States v. Cordova, supra.*

In addition, should the Court of Military Review determine that a new review and action are necessary, it would be desirable to correct the court-martial order in that portion pertaining to Charge II and its specification, which presently relates that the victim, Venske, was the perpetrator of the robbery of the wallet from Private Straight, if that matter has not been corrected previously.

The decision of the United States Army Court of Military Review is reversed, and the findings of guilty of Charge III and its specification are set aside to the extent that they relate to the offense of burglary only. The record of trial is returned to the Judge Advocate General of the Army for submission to that court for further review under Article 66 of the Code.

Chief Judge EVERETT and Judge FLETCHER concur.

---

*Id.,* § 479 (footnotes omitted); *see also* Annot., 42 A.L.R.3d 1381. Resolution of this factual issue is properly left to the court-martial, the convening authority, and the Court of Military Review; however, a proper legal analysis must be provided at each level.