**UNITED STATES**

v.

**Johnny ARROYO, 077 52 3051, Electrician's Mate Fireman Apprentice (E–2), U.S. Navy.**

**NMCM 83 0962.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 23 Nov. 1982.

Decided 17 May 1983.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LCDR D.L. Kelly, JAGC, USN, Appellate Government Counsel.

Before SANDERS, Senior Judge, and MAY and CASSEL, JJ.

PER CURIAM:

Appellant, pursuant to his pleas, was convicted at a special court-martial of three unauthorized absences totaling more than 500 days, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and breaking restriction, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Members imposed a sentence of reduction to pay grade E–1 and a bad-conduct discharge which, along with the findings, was approved on review below.

During presentencing, appellant offered an unsworn statement in which he asserted a desire to remain in the Navy. The government introduced as aggravation service record documents evidencing two prior summary courts-martial and six prior nonjudicial punishments awarded appellant for numerous offenses, including twelve unauthorized absences of short duration, absence from appointed place of duty, violation of a lawful order, breaking restriction, and dereliction of duty. No defenses were raised or extenuation offered to mitigate the seriousness of the offenses of which appellant was convicted, nor did trial defense counsel specify any issues pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

Notwithstanding the unquestionable appropriateness of the lenient sentence imposed, appellate defense counsel assigns the following error for consideration by this Court:

IN LIGHT OF APPELLANT'S REQUEST TO STAY IN THE NAVY (R. 23, 24), A SENTENCE WHICH INCLUDED A BAD–CONDUCT DISCHARGE WAS TOO SEVERE. UCMJ, ARTICLE 66(c).

The absurdity of raising such an obviously frivolous issue on review is apparent. However, appellate defense counsel cannot be chastised in light of the holdings of the Court of Military Appeals in *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), *United States v. Knight*, 15 M.J. 202 (C.M.A.1983), and *United States v. Hullum*, 15 M.J. 261 (C.M.A.1983).

Concerned that an accused may perceive "that his appointed appellate counsel has not given him the full representation demanded by the Uniform Code of Military Justice," the Court of Military Appeals in

*United States v. Grostefon, supra,* prescribed the requirement that appellate counsel, at a minimum, invite the Court of Military Review's attention to any and all errors specified by the accused, regardless of counsel's judgment concerning what action should be taken on behalf of the accused. *Id.* at 436. This "rule of practice" was reaffirmed in *United States v. Knight, supra.* The Court went a step (or two) further in *United States v. Hullum, supra,* concluding that appellate defense counsel should have contested the appropriateness of the sentence "[e]ven though the request for appellate representation submitted by appellant did not set forth any specific issue to be asserted by his appellate counsel," in that "... there obviously was no intent by appellant to abandon his highest complaint against the harassment to which—before, during, and after trial—he claimed he had been subjected." *Id.* at 267.

Despite the above rationale provided to explain these recent decisions, we find no support in law or reason for the holdings therein. We can only interpret the requirements they impose as the establishment of a means by the Court of Military Appeals to circumvent the limitations placed upon that Court's fact-finding powers by Article 67(d), UCMJ. Factual issues, however, are properly resolved at the trial level and reviewed by the Courts of Military Review and the intermediate reviewing authorities. *See* Articles 64 and 66, UCMJ.

▮▮▮ Appellate defense counsel is required by the Constitution to support his client's appeal to the best of his ability in his role as an active advocate. *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). In this regard, appellate counsel should bring to the attention of the appellate court all nonfrivolous issues whether or not he believes that the appellant is likely to prevail on the merits. *Barnes v. Jones,* 665 F.2d 427, 433 (2d Cir. 1981). This does not impose a duty upon counsel to raise issues on appeal which, in exercising his professional judgment, he determines to be frivolous. To the contrary, appellate counsel is usually obligated not to advance such issues. As stated by the Supreme Court in *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981):

> Although a defense attorney has a duty to advance all colorable claims and defenses, the canons of professional ethics impose limits on permissible advocacy. It is the obligation of any lawyer—whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals.

*Id.* at 323, 102 S.Ct. at 452. Frivolous appeals amount to unprofessional conduct. *Id.* at 323 n. 14, 102 S.Ct. at 452 n. 14, quoting ABA Standards for Criminal Justice, Commentary to 4–3.9 (2d ed. 1980); ABA Standing Committee on Ethics and Professional Responsibility, Informal Opinion 955, Obligation to Take Criminal Appeal, reprinted in 2 Informal Ethics Opinions 955–956 (1975). The determination as to whether an issue is frivolous should be left to the judgment of appellate counsel:

> While all would agree that the decision whether to take an appeal from a criminal conviction is a critical one committed ultimately to the defendant himself, decisions concerning which legal issues will be urged on appeal are uniquely within the lawyer's skill and competence, and their resolution is ultimately left to his judgment. *See United States ex rel. Brown v. Warden,* 417 F.Supp. 970, 973 (N.D.Ill. 1976).

*Ennis v. LeFevre,* 560 F.2d 1072, 1075 (2d Cir.1977), *cert. denied,* 435 U.S. 976, 98 S.Ct. 1625, 56 L.Ed.2d 70 (1978).

Our concerns regarding the *Grostefon, Knight,* and *Hullum* decisions go beyond their negative impact upon administrative and judicial expediency, *see Polk County v. Dodson, supra; United States v. Hullum, supra* (Cook, J., dissenting), and the resulting prejudice such delays in the appellate process may cause all appellants whose cases are within that stage of the military justice system. *Cf. United States v. Sutton,* 15 M.J. 235 (C.M.A.1983); *United States v. Clevidence,* 14 M.J. 17 (C.M.A.1982). We must also recognize that a meritorious ar-

gument may get lost or not receive the appropriate amount of attention in a flood of frivolous issues and that a lawyer who is continuously required to argue such issues may fail to receive the respect and consideration due when a substantial issue is presented by him before the appellate court. "The mere fact that [an appellate] lawyer is making an argument should indicate that it has sufficient substance to merit the court's attention." *Nickols v. Gagnon,* 454 F.2d 467, 472 (7th Cir.1971), *cert. denied,* 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 336 (1972).

Assuming *arguendo* that the rules set forth in *Grostefon, Knight,* and *Hullum* result in an occasional military accused being afforded added protections during the appellate process, we see no need to do so. Articles 66 and 70, UCMJ, do not impose such a requirement. Appellate defense counsel is obligated to assist the appellant in the review of his case, but is not required to frame frivolous issues on the appellant's behalf. *See* paragraph 102*b, Manual for Courts-Martial, 1969 (Rev.).* This is consistent with civilian practice, *see Ennis v. LeFevre, supra* at 1075, and the right to appellate counsel as afforded by the Constitution. *See Anders v. California, supra; Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The military justice system has demonstrated its ability to provide an accused with a fair trial, *see Schlesinger v. Councilman,* 420 U.S. 738, 758, 95 S.Ct. 1300, 1313, 43 L.Ed.2d 591 (1975), and even affords protections unavailable to an accused tried in the civilian courts. *See United States v. Grostefon, supra* at 435. We believe that the system of military justice in place within the armed forces of the United States compares favorably with any in the world and certainly in comparison to the criminal justice process within our nation's federal and state civilian court systems. We see, in carrying out our present statutory responsibilities as a military court of review to "affirm only such findings of guilty, and the sentence or such part or amount of the sentence as [we find] correct in law and fact...." Article 66(c), UCMJ, not the slightest necessity to expand appellate rights beyond those required by the Constitution and the Congress.

The error assigned is rejected. The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.