**UNITED STATES, Appellee,**

v.

**Terrence HOSKINS, Private First Class, U.S. Army, Appellant.**

No. 42225.

CM 441122.

U.S. Court of Military Appeals.

Jan. 16, 1984.

For Appellant: *Colonel William G. Eckhardt, Major Robert C. Rhodes, Captain Joel R. Maillie* (on brief); *Colonel Edward S. Adamkewicz, Jr.,* and *Captain Mary R. Brady.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Glenn D. Gillett, Captain David A. Brown* (on brief); *Colonel R.R. Boller, Major John T. Meixell,* and *Captain Mark S. Julius.*

*Opinion of the Court*

COOK, Judge:

Tried by general court-martial, the accused was convicted, despite his pleas, of attempted robbery, robbery, and burglary, in violation of Articles 80, 122, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 922, and 929, respectively. The adjudged and approved sentence extends to a dishonorable discharge, confinement at hard labor for 3 years, forfeiture of all pay and allowances, and reduction to Private E–1. The Court of Military Review twice approved the findings and sentence.[1] We granted accused's petition for review on the following issue:

---

1. We remanded the case to the Court of Military Review for consideration of issues raised for the first time at this level.

WHETHER THE ALLEGATIONS OF FACT CONTAINED IN SPECIFICATION, CHARGE III, ARE LEGALLY SUFFICIENT TO ALLEGE A VIOLATION OF ARTICLE 129, UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 929.

We here decide that they do not and reverse.

This case is a companion to *United States v. Knight,* 15 M.J. 202 (C.M.A.1983). Here, as there, the burglary specification alleged that the accused "did ... burglariously enter the room of," which allegation omitted the operative words "break and" prior to "enter." In *Knight,* we held that omission to be fatal to the specification. However, in so doing, we referred to the fact that Knight objected at trial and pleaded not guilty. Here, Hoskins pleaded not guilty, but his counsel offered no objection to the specification either at trial or at the review stage.[2] Appellate Government counsel contend that the failure to object at trial renders *Knight* inapposite, citing our earlier holdings in *United States v. Schwarz,* 15 M.J. 109 (C.M.A.1983), and *United States v. McCollum,* 13 M.J. 127 (C.M.A.1982).

In *United States v. Schwarz, supra,* the accused pleaded guilty to six specifications of forgery which alleged, in pertinent part, that "with intent to defraud [the accused did] falsely fill in an allotment ... to American Pioneer Life Insurance Company on a DA Form 1341, JUMPS-Army Allotment Authorization, signed by" the victim. 15 M.J. at 109–10. It was asserted that the specification was defective in that "there ... [was] no specific allegation that the instrument subject to the forgery 'would ... apparently impose a legal liability on another or change his legal right or liability to his prejudice.'" *Id.* at 110 (footnote omitted). We held that "the word 'allotment' is one of common usage, with a settled interpretation" in the military and naval environment. *Id.* at 111. Consequently,

where the accused has pleaded guilty, has negotiated a pretrial agreement and completed a satisfactory providence inquiry based upon a specification, it does not lie for him, on appeal, to challenge the sufficiency of that specification on the basis of an omission of technical language where the specification contains, by fair implication, all of the elements of the offense.

*Id.* at 112 (footnote omitted).

██ In the instant case the accused did not plead guilty and did not have the elements of the offense correctly explained to him during a providence inquiry, and, most significantly, the specification omission in question was not merely "technical language" which could be characterized as fairly implied within the rest of the allegations. Standing to challenge a specification on appeal where the accused has knowingly and consciously pleaded guilty is considerably less than where he has put the Government to proof by the general denial in a plea of not guilty.

In *United States v. McCollum, supra,* the accused was charged with extortion by communicating threats to the victims "with intent unlawfully to obtain statements against the interest of" the victims. 13 M.J. at 128. The issue there was whether the statements extorted from the victims constituted something of value obtained by the accused. We held that since the statements were against the interests of the victims and gave the accused "some advantage" relative to the victims, the element of value "was fairly implied in the specifications." *Id.* at 130. Since we have already decided in *Knight* that the omitted words "break and" are not "fairly encompasse[d]," 15 M.J. at 202, within the word "burglariously," *McCollum* is not applicable to the instant case.

██ The approach we have taken over the years to challenged specifications has been relatively consistent. We have held that

In other fact situations such failure might well eliminate the issue for appellate review.

---

**2.** We do not in any way wish to indicate our approval of the failure of trial defense counsel to object to the defective specification at trial.

a specification must provide notice to an accused of the criminal offense against which he must defend, and provide a bar against a second trial for the same offense after acquittal or conviction of the offense charged. *United States v. Schwarz, supra* at 111; *United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953); *United States v. Hopf,* 1 U.S.C.M.A. 584, 5 C.M.R. 12 (1952). While "a specification which does not allege every essential element of an offense charged is fatally defective," *United States v. McCollum, supra* at 129; *United States v. Fleig,* 16 U.S.C.M.A. 444, 37 C.M.R. 64 (1966), "[t]he specification need not aver the elements expressly, but it must do so at least by necessary implication." *United States v. Schwarz, supra* at 111, quoting *United States v. McCollum, supra* at 129; *see also United States v. Fleig, supra; United States v. Petree,* 8 U.S.C.M.A. 9, 23 C.M.R. 233 (1957). In addition, the manner in which the specification issue is raised is significant; that is, did the accused challenge the specification at trial; did the accused plead guilty to the challenged specification; were the elements of the offense correctly stated to the accused at trial; did the accused challenge the specification before the reviewing authority; and, is the omission essential to sustain the conviction or may the omission be fairly implied by the other language of the specification? All of

these matters have a direct impact upon our ultimate decision.

■ Here the omitted words are essential to the allegation of the offense of burglary, since that crime "is primarily an offense against the security of the habitation." *United States v. Hart,* 49 C.M.R. 693, 694 (A.C.M.R.), *pet. denied,* 23 U.S.C.M.A. 651, 50 C.M.R. 903 (1975). We cannot say that "break" is fairly implied within the specification by either the word, "burglariously" or the word, "enter." Consequently, the specification is defective insofar as it attempts to allege the crime of burglary. *United States v. Knight, supra.* The conviction of the accused as to this charge cannot stand.

■ The decision of the United States Army Court of Military Review as to Charge III and the sentence is reversed.[3] The record of trial is returned to the Judge Advocate General of the Army for submission to that court which may set aside the finding of guilty of burglary or, if the facts warrant, affirm findings of guilty as to Charge III of the lesser offense of housebreaking, in violation of Article 130, UCMJ, 10 U.S.C. § 930, and reassess the sentence based upon the affirmed findings of guilty. *See* Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Chief Judge EVERETT and Judge FLETCHER concur.

---

**3.** We also note that the review of the staff judge advocate contained neither a listing of the elements of the offense nor an evaluation of the conflicting evidence. However, since defense counsel failed to comment on these deficiencies, they must be held to be waived. *United States v. Barnes,* 3 M.J. 406 (C.M.A.1977).