**UNITED STATES, Appellee,**

v.

**Johnny ARROYO, Electrician's Mate Fireman Apprentice, U.S. Navy, Appellant.**

**No. 46,915.**

**NMCM 83-0962.**

U.S. Court of Military Appeals.

Feb. 21, 1984.

For Appellant: *Lieutenant Commander Jeanne Carroll,* JAGC, USN (on brief); *Lieutenant Stephen R. Cochell,* JAGC, USNR.

For Appellee: *Commander W.J. Hughes,* JAGC, USN, and *Lieutenant Commander D.L. Kelly,* JAGC, USN (on brief); *Lieutenant Colonel Thomas H. Eagen,* USMC.

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant, pursuant to his pleas, was convicted by a special court-martial of three unauthorized absences, in violation of Article 86 of the Uniform Code of Military Justice, 10 U.S.C. § 886, and of breaking restriction, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The members of the court sentenced him to a bad-conduct discharge and reduction to the lowest pay grade. The findings and sentence were approved by the convening and supervisory authorities. Before the United States Navy-Marine Corps Court of Military Review, appellate defense counsel submitted the case on its merits with a specific assignment of this error:

IN LIGHT OF APPELLANT'S RE-QUEST TO STAY IN THE NAVY (R. 23, 24), A SENTENCE WHICH IN-CLUDED A BAD–CONDUCT DIS-CHARGE WAS TOO SEVERE. UCMJ, ARTICLE 66(c).

To this assignment, the panel which considered the case reacted with a *per curiam* opinion, 16 M.J. 802 (N.M.C.M.R.1983), the tenor of which is reflected in these excerpts:

The absurdity of raising such an obviously frivolous issue on review is apparent. However, appellate defense counsel cannot be chastized in light of the holdings of the Court of Military Appeals in *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982); *United States v. Knight,* 15 M.J. 202 (C.M.A.1983), and *United States v. Hullum,* 15 M.J. 261 (C.M.A. 1983).

Concerned that an accused may perceive "that his appointed appellate counsel has not given him the full representation demanded by the Uniform Code of Military Justice," the Court of Military Appeals in *United States v. Grostefon, supra,* prescribed the requirement that appellate counsel, at a minimum, invite the Court of Military Review's attention to any and all errors specified by the accused, regardless of counsel's judgment concerning what action should be taken on behalf of the accused. *Id.* at 436. This "rule of practice" was reaffirmed in *United States v. Knight, supra.* The Court went a step (or two) further in *United States v. Hullum, supra,* concluding that appellate defense counsel should have contested the appropriateness of the sentence "[e]ven though the request for appellate representation submitted by appellant did not set forth any specific issue to be asserted by his appellate counsel," in that "... there obviously was no intent by appellant to abandon his highest complaint against the harassment to which—before, during, and after trial—he claimed he had been subjected." *Id.* at 267.

*Despite the above rationale provided to explain these recent decisions, we find no* support in law or reason for the holdings therein. We can only interpret the requirements they impose as the establishment of a means by the Court of Military Appeals to circumvent the limitations placed upon that Court's fact-finding powers by Article 67(d), UCMJ. Factual issues, however, are properly resolved at the trial level and reviewed by the Courts of Military Review and the intermediate reviewing authorities. See Articles 64 and 66, UCMJ.

Frivolous appeals amount to unprofessional conduct....

Our concerns regarding the *Grostefon, Knight,* and *Hullum* decisions go beyond their negative impact upon administrative and judicial expediency, *see Polk County v. Dodson,* ... [454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)]; *United States v. Hullum, supra* (Cook, J., dissenting), and the resulting prejudice such delays in the appellate process may cause all appellants whose cases are within that stage of the military justice system. *Cf. United States v. Sutton,* 15 M.J. 235 (C.M.A.1983); *United States v. Clevidence,* 14 M.J. 17 (C.M.A.1982). We must also recognize that a meritorious argument may get lost or not receive the appropriate amount of attention in a flood of frivolous issues and that a lawyer who is continuously required to argue such issues may fail to receive the respect and consideration due when a substantial issue is presented by him or her before the appellate court....

Assuming *arguendo* that the rules set forth in *Grostefon, Knight,* and *Hullum* result in an occasional military accused being afforded added protections during the appellate process, we see no need to do so. Articles 66 and 70, UCMJ, do not impose such a requirement. Appellate defense counsel is obligated to assist the appellant in the review of his case, but is not required to frame frivolous issues on the appellant's behalf....

16 M.J. at 803–05 (emphasis supplied).

On the petition for review by appellant, we granted these two issues assigned by appellate defense counsel:

## I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW POSSESSED AN INELASTIC ATTITUDE TOWARDS SENTENCING IN CONSIDERING APPELLANT'S CONTENTION THAT HIS BAD–CONDUCT DISCHARGE WAS INAPPROPRIATELY SEVERE?

## II

WHETHER THE OPINION OF THE COURT WAS CALCULATED TO "CHILL" THE ZEALOUS REPRESENTATION OF THIS APPELLANT AND OTHER APPELLANTS SIMILARLY SITUATED WHO ARE REPRESENTED BY APPOINTED MILITARY APPELLATE DEFENSE COUNSEL?

Now, we reverse.

■ The opinion of the court below—which subsequently has been cited in several other opinions of that same court—reveals not only a misunderstanding of our *Grostefon* opinion, but also a complete unwillingness to accept the principles which this Court enunciated there and in later cases. As we thought we had made clear some time ago and we reiterate now, the requirement placed on appellate defense counsel is only that he identify those issues which his client wishes to have raised on appeal. The extent of his argument in support of the various issues is a matter of the attorney's sound professional judgment. However, he has the minimal responsibility of assuring that in the Court of Military Review and in this Court, attention is directed to the points which his client desires to have raised.

■ In *Jones v. Barnes*, —— U.S. ——, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the Supreme Court declined to hold that effective assistance of counsel under the Sixth Amendment imposes the same responsibility that we placed on defense counsel in *Grostefon*. In so ruling, they reversed *Barnes v. Jones*, 665 F.2d 427 (2d Cir.1981), which had been cited in our opinion in *Grostefon*. Nonetheless, as should have been evident from *Grostefon*, our rationale relied on Articles 66 and 70 of the Uniform Code, 10 U.S.C. §§ 866 and 870, respectively—rather than the Constitution—as the basis for the obligation imposed upon military appellate defense counsel. Furthermore, the rule of practice which is established by *Grostefon* is, in our view, properly related to the realities of the military community—a community whose uniqueness has been judicially recognized. *See, e.g., Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *United States v. Trottier*, 9 M.J. 337 (C.M.A.1980).

Appellate government counsel have argued that

nothing in the legislative history of Articles 66 and 70 indicates that the drafters of the Code intended the military appellant to have greater control over his appeal than his civilian counterpart. Indeed, a review of that history reveals that the primary concern of both Armed Forces Subcommittees was the elimination of command influence.

However, since appellate defense counsel are military officers who are part of the military hierarchy, it is quite consistent with the basic purpose of eliminating command influence to assure that the points which a military accused wishes to raise are, in fact, brought to the attention of appellate tribunals—no matter what indirect or subtle pressures might be applied to the counsel who represent him.

Of course, we do not intimate that any sort of command influence will prevent appellate defense counsel from performing their professional duty. Indeed, the vigor with which these counsel have presented their contentions in the present case demonstrates their independence. However, the rule in *Grostefon* provides appellate defense counsel with some protection against reprisals or harassment if they assert arguments that may not be well received by persons higher in the military establishment.

The court below seemed concerned with delays that might result from our *Grostefon* rule. However, we cannot imagine how the mere statement of an issue or the identifi-

cation of an appellant's contention in the manner it was done here would create any substantial burden on the Court of Military Review. Indeed, our own experience under *Grostefon* is to the contrary, in that the added burden imposed on the judges and staff of this Court by reason of that decision has been relatively inconsequential.

Moreover, contrary to the view of the court below, we do not believe that *Grostefon* will lead to meritorious issues being overlooked because they are obscured by a host of frivolous contentions which counsel must assert. In the first place, *Grostefon* still leaves a lawyer considerable leeway to emphasize the points of law which, in his professional judgment, are the most meritorious. Secondly, we believe that most military appellate judges are able to sift the wheat of reversible error from the chaff of meritless issues. Third, the court below already has the statutory responsibility to consider independently all possible errors whether raised or not, so appellate counsel is merely assisting the court to do its duty.

From our reading of the language of the court below, we are concerned that in this case they "possessed an inelastic attitude towards sentencing in considering appellant's contention that his bad-conduct discharge was inappropriately severe." We have no view as to the merits of this contention, but we believe that Arroyo is entitled to have it considered by a panel which has a more open-minded attitude with respect thereto than is reflected in the opinion * of the court below.

While we do not infer that the opinion of the court below was "calculated" to inhibit zealous representation of this appellant or other appellants similarly situated, it is clear from the subsequent citation of *Arroyo* by the Court of Military Review that the practical effect of this precedent—if not promptly repudiated by us—may be to re-

strict appellate defense counsel in the performance of their duties under *Grostefon*.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand for *de novo* review by another panel of that court.

Judge COOK concurs.

FLETCHER, Judge (dissenting):

A majority of the Court set the tenor of the law in *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). In *United States v. Hullum,* 15 M.J. 261 (C.M.A.1983), there was no *Grostefon* question as either I or my Brother, Judge Cook, perceived it. Accordingly, *United States v. Hullum, supra,* is not precedent for the matter before us.

My understanding of the situation presented in *United States v. Hullum, supra* at 269 (Fletcher, J., concurring in the result), was that the record itself gave rise to matters which should have been called to the court's attention so that the Court of Military Review could properly

> affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and *determines, on the basis of the entire record, should be approved.*[1]

(Emphasis supplied.) My Brother Judge Cook and I disagreed as to the obligation of appellate defense counsel when faced with the record as found in *United States v. Hullum, supra.* Only Chief Judge Everett found some *Grostefon* overtones in his *Hullum* opinion.

The rule is, and may it always be, that where the record clearly discloses a matter that falls within the statutory complement of an appellate court, that matter should be

---

* The court below could have complied fully with *Grostefon* by disposing of the assigned issue with the first two paragraphs, the third paragraph (omitting the "Notwithstanding" clause), and the last paragraph of its opinion. Instead, it felt compelled to vent its displeasure with *Grostefon* by adding six paragraphs which produced the appeal to this Court.

1. Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

brought to the attention of the court. Appellate Judges have and will disagree as to when the record rises to such a plateau.

I do not believe that this record of trial reasonably raised the question that was presented to the Court of Military Review. The dicta in the Court of Military Review's opinion further exacerbated this matter by placing it within *Grostefon*. If the Court of Military Review had contended itself with merely ruling on the question presented to it, this Court would not be forced to decide a problem of much higher priority. Interestingly enough, it is decided not by the written word, but by the recorded vote affirming the *Grostefon* rule.

I find that the United States Navy-Marine Corps Court of Military Review was correct as to the question presented to it. I do not believe that the rationale elaborated in the balance of the opinion showed an inelastic attitude as to their obligation as a court, and I cannot believe that mere words will "chill" a counsel's performance from according with proper practice and ethical standards.