UNITED STATES

v.

Johnny **ARROYO,** 077 52 3051, **Electrician's Mate Fireman Apprentice (E–2) U.S. Navy.**

**NMCM 83 0962.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 23 Nov. 1982.

Decided 31 May 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT Jerome A. Busch, JAGC, USNR, Appellate Defense Counsel.

LT D.O. Vollenweider, III, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

PER CURIAM:

Following remand to this Court by the Court of Military Appeals, this case was referred to this panel for decision. *See, United States v. Arroyo,* 17 M.J. 224 (C.M. A.1984).

We have examined the record of trial, the assignments of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

██ We consider the side bar conference held in response to two court members' written questions regarding sentencing to involve an insubstantial matter not seriously affecting the verbatim character of the record of trial. The context of the unrecorded conference makes it clear that the military judge was discussing his proposed answers to those questions with trial and defense counsel. The questions concerned only whether the court could impose other types of discharges (than a bad conduct discharge), such as a general discharge, and the consequences of a bad conduct discharge on civilian life and employment. Following the conference the military judge correctly answered the court's questions, and the court resumed deliberating on the sentence. There were no defense objections. While we do not condone unrecorded sidebar conferences and urge military judges not to entertain them, we hold that the record of trial in this case is substantially verbatim. *United States v. McCullah,* 11 M.J. 234 (C.M.A.1981).

██ We decline to hold that breaking restriction occurring on the same date as the inception of a two month unauthorized absence is multiplicious for findings purposes with the unauthorized absence. *United States v. DiBello,* 17 M.J. 77 (C.M. A.1983).

We find that the sentence as approved on review below is manifestly appropriate in this case. Accordingly, the findings and sentence as approved on review below are affirmed.