# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLOR, POND, and STEELE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant GREBIL D. DIAZJIMENEZ**
**United States Army, Appellant**

ARMY 20250190

Headquarters, National Training Center and Fort Irwin
Larry A. Babin, Jr., Military Judge
Lieutenant Colonel Sean P. Fitzgibbins, Special Trial Counsel

For Appellant: Major Peter Ellis, JA; Captain Patrick McHenry, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

25 February 2026

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

STEELE, Judge:

A military judge, sitting as a special court-martial, found appellant guilty, pursuant to his pleas, of two specifications of domestic violence, in violation of Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b [UCMJ]. The military judge sentenced appellant to a bad-conduct Discharge, 12 months of confinement,[1] and reduction to the grade of E-1.

Appellant submitted his case to this court on its merits, neither asserting assignments of error via counsel or personal matters in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After careful review of the record of trial in appellant's court-martial, we find the findings of guilty and sentence to be correct in fact and law. However, we write to highlight the numerous errors in the

---

[1] The military judge sentenced appellant to 12 months confinement for each offense of domestic violence in Specification 1 and 2 of Charge I, to be served concurrently.

post-trial processing of appellant's case and the need for military justice practitioners and our military judges to recognize errors when they arise and to ensure accuracy in the post-trial documents. While these errors did not prejudice a substantial right of appellant, they warrant discussion.

## BACKGROUND

On 21 April 2025, appellant submitted a memorandum containing a request for clemency to the convening authority pursuant to Rules for Court-Martial [RCM] 1106 and 1109, requesting the convening authority "reduce or commute his reduction in pay grade to E1." Appellant made no other requests. The Staff Judge Advocate (SJA), in his SJA Clemency Advice dated 27 April 2025, stated, "Yes" in Section B, block two of the form and erroneously advised the convening authority that appellant had requested the "deferment of reduction in grade." On 29 April 2025, the convening authority denied the relief specified in the SJA Clemency Advice.

The military judge subsequently entered the Judgment of the Court that reflected an incorrect date the convening authority took post-trial action, while correctly identifying the specific nature of appellant's request ("The defense request to reduce or commute the [appellant's] reduction in pay grade to E-1 is disapproved."). However, the military judge did not recognize that was technically not the selection made on the SJA Clemency Advice.

## LAW AND DISCUSSION

"A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." Uniform Code of Military Justice, 10 U.S.C. §859 [UCMJ] (2024).

Under the facts and circumstances of this case, we find the SJA's erroneous summation of appellant's request was not prejudicial to a substantial right of appellant and presume the convening authority saw the memorandum submitted by appellant and was therefore aware of the specific nature of appellant's request.

We write separately to remind practitioners and military judges of the need for accuracy in the court-martial process. While the error in this case was not prejudicial, neither to appellant nor to the government interest in preserving the finality of appellant's court-martial, there are numerous situations where errors, even slight, could have a significant impact on the court-martial. These errors, though not intentional and easily rectified when discovered in the field, are inconsistent with the pursuit of justice, and we encourage practitioners to pay attention to the details.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.[2]

Chief Judge FLOR and Senior Judge POND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[2] The Entry of Judgment is corrected to reflect that the incorporated post-trial action of the convening authority is dated "29 April 2025."