**UNITED STATES, Appellee,**

v.

**Specialist McKinley J. RHOADS, 088–52–6533, United States Army, Appellant.**

**ACMR 8900012.**

U.S. Army Court of Military Review.

20 Nov. 1989.

For appellant: Captain Thomas A. Sieg, JAGC, Captain Alan M. Boyd, JAGC (on brief).

For appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Martin D. Carpenter, JAGC, Captain George R. Johnson, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Senior Judge:

A special court-martial convicted the appellant, contrary to his pleas, of a one-day unauthorized absence, two specifications of disobeying a noncommissioned officer, willfully damaging private property, and false swearing, in violation of Articles 86, 91, 109 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 909 and 934 (1982).

His approved sentence provides for a bad-conduct discharge, confinement for six months, forfeiture of $447.00 pay per month for six months and reduction to Private E1.

The appellant contends that the military judge erred by allowing the appellant's first sergeant to testify about uncharged misconduct on sentencing. The first sergeant testified that, in his opinion, the appellant is a below average soldier because of "[h]is attitude towards superiors, his daily performance." When asked why he felt that the appellant has no potential for productive service, the first sergeant testified, "Well, he's—he's told me to my face, sir, that he has no respect for—for the [noncommissioned officers] in my battery or myself, and with his past record from Charlie Battery to my battery, I see the same trend. I don't think it's going to get any better."

Over defense objection, the first sergeant then testified that the appellant was transferred because "he couldn't—he says he couldn't get along, the noncommissioned officers were picking on him over in Charlie Battery. Instead of them doing a chapter on him, they gave him to me. It was a 'rehab' transfer."

The defense characterized the first sergeant's testimony as describing uncharged misconduct, *i.e.*, previous acts of disrespect. The trial counsel offered it under Rule for Courts–Martial 1001(b)(4) [hereinafter R.C.M.], arguing that the specific acts of previous disrespect had a close nexus to the charged offenses. The military judge ruled that the testimony was admissible under R.C.M. 1001(b)(4) and that its probative value outweighed its prejudicial impact under Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 403.

 The trial counsel and the military judge were wrong, but the result was correct. The prosecution may offer evidence of uncharged misconduct under R.C.M. 1001(b)(4) only if the uncharged misconduct is directly relating to or resulting from the offenses of which the appellant has been found guilty. *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988).

 In this case, specific prior acts of disrespect would not have been admissible under R.C.M. 1001(b)(4). *United States v. Wingart*, at 135. However, the first sergeant did not testify to specific acts; he described the appellant's general attitude. The mere fact that the appellant told the first sergeant that he had no respect for his noncommissioned officers does not establish that the appellant behaved disrespectfully. Likewise, the mere fact that the appellant told the first sergeant that the noncommissioned officers in his previous battery were "picking on him" and that he was having difficulty getting along does not mean that the appellant was in fact disrespectful to those noncommissioned officers. In short, the first sergeant limited his testimony to the appellant's general attitude toward military authority, not specific manifestations of that attitude. As such, his testimony was proper aggravation.

We have considered the remaining assignments of error, including those personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge VARO concur.