**UNITED STATES**

v.

**Master Sergeant James D. SAWYER,
FR 289–44–2281, United States
Air Force.**

**ACM 27969.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 June 1989.
Decided 12 April 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major George P. Clark.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Terry M. Petrie, and Major Paul H. Blackwell, Jr.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

1. *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

## OPINION OF THE COURT

LEONARD, Senior Judge:

Master Sergeant James D. Sawyer comes before us convicted of carnal knowledge and indecent acts with his stepdaughter. He pleaded guilty to both offenses and was sentenced by court members. His approved sentence consists of a bad conduct discharge, confinement for 5 years, and reduction to E-1. Through counsel and *Grostefon*[1] submissions, he asserts a number of errors, none of which we find persuasive.

### I

Appellant's counsel argues the military judge erred by refusing to accept an expert witness offered by the defense under Mil.R.Evid. 702. Appellant maintains this ruling prevented the defense from presenting an expert opinion regarding recidivism in sexual abuse cases and appellant's potential for recidivism. He insists such an opinion was very important to consideration of an appropriate sentence. We find no error in the military judge's ruling.

During his presentencing case, appellant attempted to qualify a Dr. C. Van Rosen as an expert witness in the area of sexual abuse diagnosis, treatment, and therapy. Both parties questioned Dr. Van Rosen about his qualifications as an expert. In response to questions by trial counsel, Dr. Van Rosen was unable or unwilling to specify his training and education in the area of child sexual abuse. Because of this failure to describe specific child sexual abuse training, trial counsel objected to Dr. Van Rosen's qualification as an expert witness in child sexual abuse. The military judge ruled that Dr. Van Rosen would be allowed to testify as an expert in family psychology, but not child sexual abuse.

Although adoption of Mil.R.Evid. 702 may have broadened the admissibility of expert testimony in military courts-martial,[2] for expert testimony to be admitted in a court-martial two requirements must still

2. MCM, App. 22, Rule 702 (1984); S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual,* 588 (2nd ed. 1986).

be satisfied. First, the proponent of the testimony must establish that the offered testimony will reliably "assist the trier of fact to understand the evidence or to determine a fact in issue." *United States v. Gipson*, 24 M.J. 246 (C.M.A.1987); *United States v. Snipes*, 18 M.J. 172 (C.M.A.1984); *United States v. Downing*, 753 F.2d 1224, 1237 (3d Cir.1985); Mil.R.Evid. 702. Second, the proponent of expert testimony must show that the offered witness possesses the necessary knowledge, skill, experience, training or education to qualify as an expert on the matters that will be the subject of the testimony. *United States v. Mustafa*, 22 M.J. 165 (C.M.A.1986), *cert. denied*, 479 U.S. 953, 107 S.Ct. 444, 93 L.Ed.2d 392 (1986); *Snipes*, 18 M.J. at 179; Mil.R.Evid. 702. The military judge has the discretion to determine whether the offered witness qualifies as an expert on a particular subject or in a particular field. *Gipson*, 24 M.J. at 251; *Mustafa*, 22 M.J. at 168; *Snipes*, 18 M.J. at 178.

■ Applying the law to the facts of this case, we do not find an abuse of discretion in the military judge's ruling concerning Dr. Van Rosen's qualifications as an expert witness. His refusal to qualify Dr. Van Rosen as an expert witness in child sexual abuse was supported by Dr. Van Rosen's failure to demonstrate education, training, and specialized knowledge in this field of expertise. Further, this failure to qualify did not deny appellant the testimony of Dr. Van Rosen. He was still permitted to testify as an expert in family psychology and express his opinion as to appellant's rehabilitative potential. Additionally, the defense successfully qualified another witness, a psychiatrist, as an expert in child sexual abuse and that witness testified extensively as to appellant's treatment prognosis and recommended courses of rehabilitation. Therefore, even if the military judge's ruling with respect to Dr. Van Rosen were in error, any possible prejudice to appellant would be very speculative.

## II

In invited issues, appellant argues that trial counsel improperly cross-examined his daughters and misconstrued the results of that cross-examination in subsequent cross-examination of appellant's commander and in final argument on sentence. We disagree.

During presentencing, appellant's stepdaughter (the victim) was called as a witness for the defense to testify as to her relationship with appellant. She testified she had reported appellant's sexual abuse of her in October of 1988 and he had told her he was sorry and had not tried to sexually abuse her since that time. On cross-examination, trial counsel asked her about an incident that had occurred about six months after she reported appellant's sexual abuse. She admitted that, in April 1989, she told her stepsister and mother that appellant had asked her "How about doing it one more time before I go away?" She also testified that, after her mother talked to appellant about the incident, she was told by appellant and her mother that she misunderstood appellant's remark.

Appellant's natural daughter also testified for the defense and, on cross-examination, corroborated her stepsister's previous testimony about the April 1989 incident. There was no objection by the defense to the cross-examination of either daughter.

Later in the defense presentencing case, appellant's commander testified that appellant's rehabilitation potential was positive and that he had "great, great chances to rehabilitate." On cross-examination, trial counsel inquired into the basis for the commander's opinion. He explored the commander's knowledge of the details of the offenses, but the commander remained firm on his rehabilitation recommendation. He then asked if the commander would change his opinion if he knew that appellant had, in April 1989, asked his stepdaughter if she would "do it one more time?" Defense counsel objected stating that the basis for the question had not been established. The military judge overruled the objection and the commander admitted that knowledge of such a statement would certainly impact his rehabilitation recommendation.

During final argument on sentence, trial counsel argued the testimony of both the victim and appellant's natural daughter concerning the statement attributed to appellant in April 1989. Trial defense counsel objected the first time the argument was made, stating that the argument was not supported by the evidence. The objection was overruled.

■ We find no error in the military judge's rulings. The cross-examinations of appellant's stepdaughter and daughter did not exceed the bounds of Mil.R.Evid. 611(b). Trial counsel's cross-examination properly addressed subject matter that had been originally raised by trial defense counsel during direct examination.

■ The cross-examinations of the daughter and stepdaughter also provided a valid evidentiary basis both for trial counsel's subsequent cross-examination of the commander and his sentencing argument. During the cross-examinations, both witnesses recalled the report of appellant's April 1989 request. Although both witnesses attempted to characterize the incident as a "misunderstanding," their testimony left a distinct impression that the subsequent characterization of the incident as a "misunderstanding" may well have been due to parental pressure from appellant and the victim's mother.

■ Further, trial counsel's cross-examination of appellant's commander was a proper testing of the basis for an opinion about rehabilitation potential. The defense called the commander for his opinion of appellant's rehabilitation potential. Once the commander had expressed his opinion, trial counsel was entitled to cross-examine him about the basis for the opinion. Such cross-examination may properly probe the commander's knowledge of the full extent of appellant's criminal conduct and specific instances of post-discovery conduct that would be contrary to a rehabilitative desire. *United States v. Wingart,* 27 M.J. 128, 133, 136 (C.M.A.1988); R.C.M. 1001(b)(5).

■ Finally, with the evidentiary basis he established during the cross-examinations of appellant's stepdaughter and

daughter, trial counsel's sentencing argument was not improper. Argument of counsel may properly refer to evidence before the court and any legitimate inferences that may be drawn from that evidence. *See United States v. Clifton,* 15 M.J. 26, 30 (C.M.A.1983); R.C.M. 919(b).

### III

■ In a *Grostefon* submission, appellant maintains that his confessional statement and the results of the medical examination of his stepdaughter should have been suppressed. He claims the statement was obtained by coercion and in violation of his rights to counsel and the medical examination was conducted against the wishes of the stepdaughter and without the consent of any parent.

Although appellant asks for suppression of the offending items, he pleaded guilty and neither item was introduced into evidence at his trial. The only mention of either item is a reference to the results of the medical exam in the stipulation of fact.

■ Motions to suppress evidence, including motions to suppress involuntary confessions, must be raised at trial prior to the entry of a plea. R.C.M. 905(b)(3) and Discussion. Failure to raise such a motion constitutes waiver of appellate review of the matter. R.C.M. 905(g). Further, a plea of guilty to an offense that results in a finding of guilty waives all motions and objections concerning the voluntariness of a confession. Mil.R.Evid. 304(d)(5).

### IV

■ Finally, in another *Grostefon* submission, appellant asks us to find that he was denied effective assistance of counsel prior to and after his trial. We decline to do so.

According to appellant, his counsel did not effectively represent him during negotiations for a pretrial agreement. Appellant states that he wanted to obtain a pretrial agreement that allowed for a conditional guilty plea that would preserve suppression motions on his confession and his daughter's medical examination. After the

government rejected such a pretrial agreement, appellant asserts his defense counsel advised him to accept an agreement that did not allow for a conditional plea and appellant, under enormous pressure, agreed.

After his trial, appellant said he changed his instructions to counsel regarding clemency and counsel did not follow these instructions. Initially, appellant told his counsel to try to have the bad conduct discharge set aside. However, when he found out that he might not be eligible for parole without a punitive discharge, he asked counsel to request a set aside of two years' confinement. Appellant maintains that counsel ignored his request and continued to argue more forcibly for a set aside of the bad conduct discharge.

In response to appellant's assertion of ineffective assistance of counsel, government appellate counsel have filed affidavits from appellant's trial defense counsel. After considering the affidavits, appellant's submissions, and the entire record of trial, we are convinced that the representation by appellant's trial defense counsel fully complied with the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We have examined the record of trial, the assignment of errors, appellant's *Grostefon* submissions, and the government's reply and have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judge RIVES concurs.

Judge JAMES did not participate.

UNITED STATES

v.

**Senior Airman John W. RALBOVSKY, FR 246–39–7578, United States Air Force.**

**ACM 28154 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 May 1989.

Decided 17 April 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Lieutenant Colo-