# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
**v.**
## James D. RYDER
### Boatswain's Mate Second Class, U.S. Coast Guard

## CGCMG 0034
### Docket No. 947
### 23 April 1997

General Court-Martial convened by Commander, Thirteenth Coast Guard District. Tried at the Office of the Commander, Thirteenth Coast Guard District, Seattle, Washington, on 12 June, 19 July, and 21-25 August 1989.

| | |
|---|---|
| Military Judge (12 June 1989): | CAPT Thomas W. Snook, USCG |
| Military Judge (19 July 1989): | CAPT Philip F. Roberts, JAGC, USN |
| Military Judge (21-25 August 1989): | CAPT Douglas A. Smith, USCG |
| Trial Counsel: | LCDR Lawrence I. Kiern, USCG |
| Assistant Trial Counsel: | LT Brian Schroeder, USCG |
| Civilian Defense Counsel: | Mr. Kevin Hogan |
| Detailed Defense Counsel: | LT Michael Forney JAGC, USNR |
| Appellate Defense Counsel: | LT Richard R. Beyer, USCGR |
| Appellate Defense Counsel: | Ms. Ariane Cerlenko |
| Appellate Defense Counsel: | Mr. J. Gregory Parks |
| Appellate Government Counsel: | LT Frank R. Levi, USCGR |
| Appellate Government Counsel: | LT William G. Rospars, USCG |

## BEFORE
## PANEL FIVE

## BAUM, FEARNOW, AND WESTON
Appellate Military Judges

Per Curiam:

This Court first decided this case on April 27, 1992, affirming all but one of the findings of guilty and affirming the sentence approved below, after rejecting the three errors assigned by appellant. A motion for reconsideration was granted and we allowed three additional errors to be assigned. Upon further review, all of the assignments were rejected and we adhered to our earlier decision. The then U.S. Court of Military Appeals granted review on three of the errors assigned before this Court, but also decided against appellant on those issues and affirmed, relying in part on *U.S. v. Carpenter*, 37 M.J. 291 (CMA 1993). The accused petitioned the United States Supreme Court for *certiorari* on the issue decided in *Carpenter,* supra: whether the judicial acts of civilian judges of this Court whose appointments were Constitutionally defective should be accorded *de facto* validity. The Supreme Court granted review and found the *de facto* concept inapplicable, reversed, and remanded to the U.S. Court of Appeals for the Armed Forces. That Court returned the record here for further review, upon determining that this Court's judges are all properly appointed now, given a 1993 Constitutionally effective reappointment by the Secretary of Transportation of the judges then serving on the Court.

Appellant has reasserted here the argument made before the Court of Appeals for the Armed Forces, that the appointment of the civilian member of this court by the Secretary of Transportation was without Constitutional and statutory authority and is therefore ineffective. The decision of the Court of Appeals for the Armed Forces is dispositive of this issue and appellant's claim of error is rejected for that reason, despite a pending decision on this matter at the U.S. Supreme Court upon a grant of *certiorari* in *Edmond v. U.S.*, ___U.S. ___, 117 S. Ct. 416 (1996). Appellant's four other assignments of error were first raised when the case was previously before this Court. Assignment I was also considered and rejected by the then Court of Military Appeals. We reject it now for the same reasons articulated by that Court. Assignments III and IV were rejected twice by this Court in our earlier decisions. They are again rejected for the reasons stated then.

Assignment II is nearly identical to one submitted to this Court in September 1990. It was withdrawn by appellant in October 1990 after the Government submitted an affidavit from the trial counsel contradicting assertions of a concealed grant of immunity to a prosecution witness. In his motion to withdraw that assignment, appellant stated that after considering the trial counsel's affidavit he was satisfied that there was no concealed grant of immunity and that, absent such a grant, no grounds remained for that particular assignment of error. The Government submits that appellant thereby affirmatively forfeited the issue and the current brief fails to set forth any new facts, circumstances, or even a reason to disregard this forfeiture. Moreover, the Government points out that the appellant's latest pleading does not even state that his past belief that the issue was groundless has in fact changed at all. Finding appellant's almost verbatim reassertion of this withdrawn assignment perplexing, we issued an order informing appellant that we desired to hear his response to the Government's assertions on this subject, including an explanation why he did not consider his previous withdrawal binding, why he did not discuss that earlier withdrawal in his pleading, and why the current assignment is not frivolous. In response, appellant asserts that the earlier order granting his withdrawal of the assignment is no longer binding on him or the Court because it was issued by an improperly appointed Court whose decisions

are not entitled to *de facto* validity, that the assignment was submitted pursuant to *U.S. v. Grostefon*, 12 M.J. 431 (CMA 1982),with matters drawn largely from appellant's prior claim, rather than submitting the issue "unadorned by argument," but that appellant "inadvertently omitted mention of *Grostefon* and a 'but see' reference to the earlier motion and order granting withdrawal." Appellant's response does not fully satisfy this Court's concern that Counsel reasserted an assignment of error, previously conceded to be groundless and withdrawn, without further comment or explanation. However, notwithstanding that continuing concern, we need not further delay the ultimate resolution of the assigned error, which is totally without merit and is rejected for that reason.

Although not raised by appellant, the Government has properly brought to our attention that, when the case was before the Court initially, we set aside and dismissed specification 1 of additional charge I as not being supported by the evidence, but that a reiteration of that action should be made now in view of the Supreme Court's invalidation of our earlier decisions. Accordingly, we repeat our previous determination that the evidence does not support a finding of guilty to specification 1 of additional charge I. That finding of guilty is hereby set aside and the specification is dismissed.

Pursuant to *U.S. v. Sales*, 22 M.J.305 (CMA 1986), we are satisfied that the sentence is no greater than that which would have been imposed by the trial court absent the now set aside finding of guilty. Furthermore, we have reassessed the sentence in light of the finding of guilty that has been set aside. Upon such reassessment, we again find the sentence legally correct and appropriate for the remaining offenses. Moreover, having reviewed the record in accordance with Article 66, UCMJ, we have again determined that the remaining findings of guilty are also correct in law and fact and on the basis of the entire record those findings of guilty and the sentence should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge BAUM and Judges FEARNOW and WESTON concur.

For the Court

R. Hamish Waugh
Clerk of the Court