# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

v.

## Samir G. MOHAMMAD,
### Food Service Specialist Third Class (E-4), U.S. Coast Guard

## CGCMS 24285

## Docket No.  1223

## 18 November 2005

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Integrated Support Command Ketchikan.  Tried at Ketchikan, Alaska, on 22 June 2004.

| | |
|---|---|
| Military Judge: | CDR John C. Odell, USCG |
| Trial Counsel: | LCDR Timothy P. Connors, USCG |
| Defense Counsel: | LT Bart K. Tomerlin, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr. USCG |

## BEFORE
## PANEL THREE
## BAUM, KANTOR, & MCCLELLAND
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of twelve specifications of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to a bad-conduct discharge, confinement for 120 days, and reduction to E-1.  The Convening Authority approved the sentence as adjudged, but suspended confinement in excess of sixty days for a period of twelve months from the date the sentence was announced, which results in a shorter confinement period than required by the terms of the pretrial agreement.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellate Defense Counsel submitted this case on its merits as to any and all errors. However, Appellant personally raised an error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which Appellate Defense Counsel has briefed to the Court, that Appellant's sentence to confinement for 120 days, reduction to E-1, and discharge from the service with a bad-conduct discharge is inappropriately severe punishment. After careful consideration of that assignment, it is rejected, convinced as we are that the sentence for this Appellant and these offenses is not inappropriately severe punishment.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,

Roy Shannon Jr.
Clerk of the Court