UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 TOZZI, SIMS, and GALLAGHER
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class JOSHUA K. WILL
 United States Army, Appellant

 ARMY 20100273

 United States Army Military District of Washington
 Denise Lind, Military Judge
 Colonel Mark A. Rivest, Staff Judge Advocate (pretrial and recommendation)
 Colonel Corey L. Bradley, Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Major Laura R. Kesler, JA; Captain Matthew T. Grady, JA (on
brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams,
JA; Major Adam Kazin, JA; Major James A. Ewing, JA (on brief).

 24 May 2011

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of attempting to distribute a controlled
substance, failure to obey an order, false official statement, wrongful use
of a controlled substance (four specifications), wrongful possession of a
controlled substance, wrongful introduction of a controlled substance onto
an installation used by the armed forces, and wrongful distribution of a
controlled substance in violation of Articles 80, 92, 107, and 112a of the
Uniform Code of Military Justice, 10 U.S.C. §§880, 892, 907, and 912a
[hereinafter UCMJ]. The military judge sentenced appellant to a bad-
conduct discharge, confinement for thirty-three months, and reduction to
the grade of E1. In accordance with a pretrial agreement, the convening
authority approved only so much of the sentence as provided for confinement
for sixteen months and a bad-conduct discharge and otherwise approved the
adjudged sentence. This case is before us for review pursuant to Article
66, UCMJ.

 Appellant claims that he is entitled to a new review and action
because the staff judge advocate’s addendum raised a “new matter” under
Rule for Courts-Martial [hereinafter R.C.M.] 1106(f)(7) that was not served
on appellant prior to the convening authority’s initial action. Upon our
review of the entire record, including those issues personally specified by
appellant under United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), we
find that the staff judge advocate provided erroneous legal advice to the
convening authority and provide relief in our decretal paragraph.

 Appellant was sentenced at his general court-martial on 7 April 2009.
 The staff judge advocate (SJA) submitted his recommendation to the
convening authority on 30 April 2010. On 17 May 2010, appellant submitted
his post-trial R.C.M. 1105/1106 response requesting the convening authority
to “disapprove thirty (30) days of PFC Will’s confinement sentence and
upgrade the characterization of his discharge to Other Than Honorable.”
The addendum to the staff judge advocate’s recommendation (SJAR), dated 21
July 2010, contained a footnote that provided two interpretations of
appellant’s request. Appellant alleges that the contents of this footnote
contained incorrect legal advice. We agree.

 Our superior court has often noted an accused’s best chance for
clemency rests with the convening authority. See United States v. Wheelus,
49 M.J. 283, 287 (C.A.A.F. 1998). We find prejudicial error in the
addendum to the SJAR. In this case the SJA mischaracterized appellant’s
discharge request by stating that appellant requested a “General Discharge
under Other than Honorable Conditions” rather than a discharge upgrade of
“Other Than Honorable.” Army Reg. 635-200, Active Duty Enlisted Separation
[hereinafter AR 635-200], para. 3-7 (6 June 2005) allows for three types of
discharges, including honorable discharge, general discharge, and under
other-than honorable-conditions discharge. The discharge referenced by the
SJA is not one that is found in AR 635-200.

 The SJA also cited AR 635-200, para. 3-8 (e), and gave inaccurate
legal advice by stating that only Headquarters, Department of the Army
(HQDA) could approve an other-than-honorable-conditions discharge under the
facts of this case. Army Reg. 635-200 para. 3-8 (e) states that, “[w]hen
the sole basis for separation is a serious offense that resulted in a
conviction by a court-martial authorized to impose, but not imposing, a
punitive discharge, the Soldier’s service may not be characterized as under
other than honorable conditions unless such characterization is approved by
HQDA (AHRC-EPR-F).” In this case, a punitive discharge was imposed by the
court-martial, thus, this SJA provided incorrect and misleading advice to
the convening authority.

 This incorrect information was prejudicial to appellant and we hold
that appellant has made a colorable showing of prejudice requiring a new
SJAR and convening authority’s action.

 Conclusion

 The convening authority’s initial action, dated 21 July 2010, is set
aside. The record of trial is returned to the Judge Advocate General for a
new SJAR and new initial action by the same or a different convening
authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court