# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES OF AMERICA, Appellee**
**v.**
**Private E1 OSCAR RAMIREZ, JR.**
**United States Army, Appellant**

ARMY 20100888

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief).

For Appellee:  Captain Edward J. Whitford, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Major Catherine Brantley, JA; Captain Michael J. Frank, JA (on brief).

19 February 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

On 1 and 2 November 2010, a panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his plea, of aggravated sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. II 2008) [hereinafter UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for fifteen years, and forfeiture of all pay and allowances.  The convening authority approved the sentence as adjudged.

We now review appellant's case under Article 66, UCMJ.  Appellant raises six assignments of error, one of which merits both discussion and relief.  Appellant alleges that he was denied his Sixth Amendment right to effective assistance of counsel at his presentencing hearing where defense counsel, *inter alia*, failed to conduct a proper investigation and present vital information to the enlisted panel. We agree.  Under the two–prong test to establish ineffective assistance of counsel, we find that the performance of appellant's defense counsel was deficient and that

appellant suffered prejudice as a result of the deficient performance. *United States v. Weathersby,* 48 M.J. 668, 670 (Army Ct. Crim. App. 1998) (citing *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A. 1987)).

## Deficient Performance

In a sworn affidavit, appellant states that he gave his defense counsel, Captain (CPT) T.S., a list of people who appellant wanted to testify at his presentencing hearing in the event he was convicted.[*] This list included officers and noncommissioned officers (NCOs) who were in appellant's chain of command, and all were stationed locally at Fort Bliss, Texas. Two officers and one NCO, who appellant included on this list, have now submitted affidavits in support of appellant's appeal, and they all state that they were never contacted by appellant's defense counsel. Furthermore, all three attest that had they been contacted, they would have testified positively about appellant's duty performance and rehabilitative potential.

In an affidavit responding to an order from this court, CPT T.S. acknowledged that appellant requested that several military members be contacted as potential presentencing witnesses, including some of the same individuals alleged by appellant. Captain T.S. further stated that he asked his paralegal NCO to contact these individuals, but he does not recall if his NCO was ever successful in contacting them, nor does he recall if he made a tactical decision not to call those individuals as witnesses.

It is readily apparent from our review of the affidavits from appellant, appellant's defense counsel, and potential presentencing witnesses, that the trial defense counsel never contacted the potential witnesses who provided affidavits, nor is it likely that he contacted any other service members as potential sentencing witnesses. Therefore, on the record before us, we find that defense counsel failed to appropriately investigate this case for extenuation and mitigation evidence. We further find, at the very least, the potential witnesses who provided affidavits would have provided good duty performance evidence and positive testimony pertaining to appellant's rehabilitative potential. As such, we conclude that CPT T.S.'s performance was deficient with respect to the presentencing portion of the trial. *See United States v. Boone*, 49 M.J. 187, 196 & n.10 (C.A.A.F. 1998).

## Prejudice

At the presentencing stage of the trial, the only defense witness, aside from appellant who provided an unsworn statement, was appellant's wife. Neither

---

[*] Appellant states he gave this list to his trial defense counsel approximately two weeks after his Article 32 hearing. The Article 32 hearing took place on 20 July 2010, approximately fifteen weeks prior to trial.

appellant nor his wife spoke about appellant's approximately six years of military service or his rehabilitative potential, which, by the accounts of the potential witnesses who furnished affidavits, was very good. Although the defense admitted appellant's commendatory military records, we do not conclude that these were an adequate substitute for live character witnesses as they do not speak directly to appellant's rehabilitative potential. Moreover, appellant's defense counsel failed to even mention appellant's military records during his very brief sentencing argument.

Under the totality of circumstances in this case, particularly after reviewing the affidavits of the potential witnesses from appellant's chain of command, we are convinced that appellant suffered prejudice from defense counsel's failure to properly investigate and present potential evidence in extenuation and mitigation. We also find it likely that the absent testimony would have led to a lower sentence. Because we do not have an adequate sentencing picture from the record, and the omission of potential evidence prejudiced appellant during the sentencing phase of his court-martial, we are unable to reassess the sentence in this case. *See Boone*, 49 M.J. at 198–99.

## Conclusion

After consideration of the entire record of trial, appellant's assignments of error, and the matters personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and the matters discussed during oral argument, we affirm the findings of guilty, but set aside the sentence. A rehearing on sentence may be ordered by the same or different convening authority, and appellant will be provided representation from a different defense counsel.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court