# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, CAMPANELLA, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist EDMOND D. JONES**
**United States Army, Appellant**

ARMY 20111011

Headquarters, U.S. Army Combined Arms Support Command,
Sustainment Center of Excellence and Fort Lee
Denise R. Lind, Military Judge
Colonel Paul E. Kantwill, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Major Jaired D. Stallard, JA; Captain James P. Curtin, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain Sean P. Fitzgibbon, JA (on brief).

31 October 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

YOB, Senior Judge:

A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of making a false official statement and one specification of negligently discharging a firearm in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 934 (2006) [hereinafter UCMJ].[1] The panel sentenced appellant to a bad-conduct discharge. The convening authority approved the adjudged sentence.

---

[1] Prior to arraignment, the military judge dismissed Charge II and its specification, alleged as a violation of Article 131, UCMJ, Perjury. After the government appealed this dismissal under Article 62, UCMJ, the military judge severed this charge from the present court-martial. What had been listed on appellant's charge sheet as Charge III and Charge IV were then renumbered Charge II and Charge III,

(continued . . .)

This case is before the court for review under Article 66, UCMJ. Appellant asserts four assignments of error, two of which merit discussion and relief. Our action in response to these two assignments of error renders it unnecessary to address the remaining assigned errors or those matters personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

The charges that resulted in findings of guilt were based on two separate incidents. In the first incident, occurring in February 2009, appellant attended a party at a private, off-post residence during which he unintentionally discharged a round from his pistol while standing alone in the bedroom of the party's host. The round entered the wall of the room without striking anyone.

In the second incident, occurring in November 2009, appellant was arguing with his wife in his apartment when she suggested she might kill herself. In response, appellant slid his loaded pistol across the counter to her and suggested she go ahead with her threat. Moments later, his wife picked up the pistol and shot herself under her chin. Appellant summoned emergency help and his wife was rushed to a hospital where she received emergency medical treatment and survived the shooting. Appellant subsequently lied about the events that led up to the shooting, telling a civilian police officer he left the gun and an ejected magazine on his kitchen counter, which his wife retrieved and loaded before shooting herself.

At the conclusion of the government's case, defense counsel moved to dismiss Charge III and its specification, which alleged appellant made a false official statement to the civilian police officer. Defense counsel argued appellant's statement to the civilian police officer did not constitute an official statement. The parties at trial cited *United States v. Teffeau*, 58 M.J. 62, 68-69 (C.A.A.F. 2003), *United States v. Day*, 66 M.J. 172 (C.A.A.F. 2008) and *United States v. Morgan*, 65 M.J. 616 (N.M. Ct. Crim. App. 2007) and framed the issue as a question of whether a nexus existed between appellant's statements and his military duties. The evidence clearly showed that when appellant made the statement in question, the civilian police officer was not acting in support of or in concert with military authorities, and military authorities had not initiated any investigation into the incident at that time. The government argued that a nexus was established because the military did ultimately open an investigation after the civilian authorities concluded their case and elected not to pursue any charges. Based on these facts and the existing case law at the time of appellant's trial, the military judge denied the motion and found there was a nexus between the statements and appellant's military duty.

---

(. . . continued)
respectively. The panel found appellant not guilty of all specifications of Charge I, as well as Specifications 1-3 of the renumbered Charge II.

Subsequent to the conclusion of appellant's case, in *United States v. Spicer*, 71 M.J. 470, 473-75 (C.A.A.F. 2013), our superior court clarified the analysis used to determine whether a statement to a civilian law enforcement officer is considered to be an official statement within the meaning of Article 107, UCMJ. In *Spicer*, as in the present case, the appellant's statements were neither made in the line of duty nor related to appellant's official military duties. 71 M.J. at 475. The court ultimately held that in cases such as this, statements made to civilian law enforcement agents are not "official statements" for purposes of Article 107, UCMJ, if the civilian agents "were not conducting any military function *at the time* the statements were made," even if the statements ultimately affected on-base personnel performing official military functions. *Id.* Appellant cites the holding in *Spicer* as grounds for dismissal of the false official statement charge. Government appellate counsel concede that dismissal is appropriate in light of *Spicer* and we concur.

Likewise, the government concedes to appellant's argument that this court must dismiss the finding of guilt of Specification 4 of Charge II (negligent discharge) under the holding of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011) and *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). We concur. The government failed to allege the "terminal element" of the Article 134, UCMJ, offense in this charge.[2] Further, nothing in the record of trial provides any notice of the terminal element prior to the military judge's instructions to the members, which occurred after the close of evidence and therefore "did not alert the appell[ant] to the Government's theory of guilt." *Id.* at 216 (citing *Fosler*, 70 M.J. at 230). Based on a totality of the circumstances, we are not convinced appellant was placed on sufficient notice of the government's theory as to which clause(s) of the terminal element he violated. As a result, the government's failure to allege the terminal element in specification 4 of Charge II, constituted material prejudice to appellant's substantial right to notice. *See id.* at 215-17; UCMJ art. 59a.

Therefore, on consideration of the entire record and the briefs submitted by the parties, the findings of guilty of Specification 4 of Charge II and Charge II and the Specification of Charge III and Charge III are set aside. The sentence is set aside. Charge III and its specification are dismissed. The same or a different convening authority may order a rehearing on Specification 4 of Charge II and Charge II. All rights, privileges, and property of which appellant has been deprived by virtue of the findings of guilty and the sentence set aside by this decision are ordered restored. *See* UCMJ art. 75(a).

---

[2] The terminal element for this offense requires proof that appellant's conduct was either of a nature to bring discredit upon the armed forces or to the prejudice of good order and discipline in the armed forces. UCMJ art. 134.

Judge CAMPANELLA and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court