# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 DEANDRE P. ANDERSON**
**United States Army, Appellant**

ARMY 20121145

Headquarters, Fort Carson
Timothy Grammel, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Stephanie D. Sanderson, Staff Judge Advocate (addendum)

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

8 October 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of unauthorized absence, failure to obey a lawful order, five specifications of wrongful use of marijuana, and larceny, in violation of Articles 86, 92, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, and 921 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for eight months, and forfeiture of $994.00 pay per month for eight months and credited appellant with 104 days of confinement against the sentence to confinement.

This case is before us pursuant to Article 66, UCMJ.  Appellate defense counsel submitted this case on its merits, and appellant personally raised issues pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.

ANDERSON—ARMY 20121145

Appellant complains he suffered undue post-trial delay. This one-day, guilty-plea court-martial was held on 14 December 2012. After the appropriate transcription, processing, submissions, and reviews, the convening authority took action on appellant's case on 5 September 2013. Then, this court did not receive the record of trial for docketing until 13 January 2014. Despite an absence of a showing of prejudice in this case, we find more than four months to send a record to the service court is too long and will grant relief. *See United States v. Collazo*, 53 M.J. 721 (Army Ct. Crim. App. 2000); *see also United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006) (government failure to docket record of trial with respective Service Court of Criminal Appeals within 30 days of convening authority's action creates presumption of unreasonable delay).

The findings of guilty are AFFIRMED. After considering the entire record, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge and confinement for seven months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2