# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and WEIS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DUSTIN L. STARNER**
**United States Army, Appellant**

ARMY 20140370

Headquarters, U.S. Army Cyber Center of Excellence (Provisional) and Fort Gordon
John T. Rothwell and Charles A. Kuhfahl Jr., Military Judges
Colonel Scott F. Young, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Ryan Yoder, JA (on brief); Major Christopher D. Coleman, JA; Captain Ryan Yoder, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Steven J. Collins, JA; Major Diara Z. Andrews, JA (on brief).

25 July 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WEIS, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of rape, sexual assault, and forcible sodomy, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to be discharged with a dishonorable discharge, to be confined for six years, and to be reduced to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error. Because we find a new staff judge advocate recommendation (SJAR) and a new action are required under an assignment of error,

---

[1] Judge WEIS took final action in this case while on active duty.

we do not address, at this time, the other assignment of error or the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## BACKGROUND

The victim submitted an unsigned and undated written victim impact statement. The record does not reveal when the victim's statement was received by the Office of the Staff Judge Advocate. The victim's statement appears in the record as part of the post-trial matters nestled between letters submitted on behalf of the accused to the CA. Neither the SJAR nor addendum reference the victim's statement as an enclosure or as a document for consideration by the convening authority (CA).

The record does not contain any indication that appellant or his counsel was served a copy of the victim's statement. Appellant's clemency request pursuant to Rules for Court-Martial [R.C.M.] 1105 and 1106 lists seven "letters of support" as enclosures but does not reference the victim's statement. No mention is made as to the victim's statement in appellant's clemency submission.

There is no indication in the record whether the CA considered the victim's statement before taking action.

## LAW AND DISCUSSION

This court reviews de novo questions of whether post-trial processing was correctly completed. *United States v. Sheffield*, 60 M.J. 591, 593 (C.A.A.F. 2004).

The government invites this court to apply a "presumption of regularity"[2] through indulging in the following presumptions as to the victim impact statement: (1) it was not timely submitted for inclusion into the SJAR, addendum or the record of trial; (2) it was not sent to appellant or his counsel; and, (3) it was never considered by the CA. We decline to adopt such presumptions from our review of the record.

The victim's written statement constitutes a "new matter" within the meaning of R.C.M. 1107(f)(7). Moreover, the victim's statement—which is neither neutral, trivial, nor favorable to appellant—represents a new matter which is deemed "presumptively prejudicial." *United States v. Chatman*, 46 M.J. 321, 323-24

---

[2] The "presumption of regularity" attaches to routine administrative acts performed by officials of the government as a presumption of due performance of official duty. *United States v. Mark*, 47 M.J. 99, 101 (C.A.A.F. 1997).

STARNER—ARMY 20140370

(C.A.A.F. 1997). Thus, we find appellant has established a colorable showing of possible prejudice.

The victim's statement is contained in the volume of the record of trial containing post-trial matters and, therefore, it is possible that the CA considered the victim's statement. Presenting a matter to the CA which has not been served upon an accused and counsel is legally infirm and fundamentally unfair. *United States v. Valencia*, ARMY 20130558, 2015 CCA LEXIS 449, at *9 (Army Ct. Crim. App. 23 Oct. 2015) (mem. op.). If the victim's statement was included in the documents provided to the CA, the accused was "deprived of an opportunity to deny, counter, or explain" the new matter. *United States v. Leal*, 44 M.J. 235, 237 (C.A.A.F. 1996).

Because we cannot determine from the record whether the victim's statement was provided to the CA or whether appellant was provided an opportunity to comment on the victim's statement at any time prior to action, we find prejudicial error and set aside the action and return the case for a new SJAR and action.

## CONCLUSION

The convening authority's action, dated 7 October 2014, is set aside. The record of trial is returned to The Judge Advocate General for a new post-trial recommendation and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3