CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 KELLAN D. MARK**
**United States Army, Appellant**

ARMY 20160101

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Captain Katherine L. DePaul, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Katherine L. DePaul, JA (reply brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Christopher A. Clausen, JA (on brief).

23 October 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

In his sole assignment of error, appellant asks us to grant "appropriate relief" because the military judge in his Military Rule of Evidence [hereinafter Mil. R. Evid.] 413 instruction told the panel that they could consider charged misconduct.[1] Although this instruction was error pursuant to *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), we find that appellant waived this error when he specifically withdrew any objection to the instruction.

---

[1] Appellant raises several non-frivolous matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). However, appellant did not object at trial when SPC JB repeatedly stated that appellant would know the answer to the defense counsel's questions. Appellant also did not object to the trial counsel's closing argument. We do not find either of these identified issues constitute plain error. Appellant's remaining *Grostefon* issues likewise do not warrant relief.

A general court-martial composed of officer and enlisted members convicted appellant of one specification of abusive sexual contact, two specifications of assault consummated by battery, one specification of assault with intent to commit rape, and three specifications of communicating a threat in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, and 934 (2012 & Supp. II) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge and five years confinement. This case is before us for review pursuant to Article 66, UCMJ.

## DISCUSSION

The offenses all occurred when three soldiers stationed in Germany took a weekend getaway to Prague, Czech Republic. At trial, the victim, SPC JB, credibly described violent attacks by appellant when she rebuffed his desire to have sexual intercourse with her. Specialist JB's testimony was corroborated by the testimony of the third soldier, physical evidence, including ripped clothing, a forensic examination, and deoxyribonucleic acid evidence.

In pretrial motions, the government provided notice under Mil. R. Evid. 413 that it intended to use both charged and uncharged conduct under the rule. The defense filed a response, objecting to the government's motion. However, the defense response was focused on that part of the government's motion that sought to admit uncharged conduct.

At a pretrial Article 39(a) session the military judge addressed the motion as follows:

> MJ: The next motion the court will address briefly is [the] government's motion to admit evidence under M. R. E. 413. . . . During the R.C.M. 802 session and via email the government informed the court that it did not plan to admit any 413 evidence as it related to [the uncharged victim] PFC [W]; and, therefore, the only issues were as to PFC [JB], which is the charged alleged victim. Is that correct Government?
>
> ATC: Yes, Your Honor.
>
> MJ: And, Defense, based on that, you didn't oppose the 413 notice?
>
> DC: Yes, Your Honor.
>
> MJ: Okay. Thank you, Counsel.

Given the appellant specifically withdrew any objection to the use of Mil. R. Evid. 413 as applied to charged conduct, we find appellant has waived any *Hills* error. Having reviewed the record of trial, to include the overwhelming evidence of guilt, we see no reason to notice the waived error and provide appellant relief.[2]

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*2] We briefly note two issues. First, neither party addressed in their <u>filings</u> the legal significance of appellant having withdrawn his objection to the Mil. R. Evid. 413 notice. While government counsel noted the withdrawal, they did not argue its significance. Second, in future cases, we believe we would benefit from the parties specifically addressing whether this court should exercise its unique authority under Article 66(c), UCMJ, to notice waived and forfeited error. While we review the entire record to determine whether we should notice waived and forfeited error, the adversarial perspective of the parties may identify issues or interpret evidence in a manner that would benefit our analysis.

* Corrected