# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Lieutenant Colonel CHRISTOPHER D. WOOD**
**United States Army, Appellant**

ARMY 20160465

Headquarters, U.S. Army Aviation Center of Excellence
Christopher T. Fredrikson, Military Judge
Lieutenant Colonel Andras M. Marton, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Lieutenant Christopher D. Carrier, JA (on brief); Major Todd W. Simpson, JA; Captain Cody D. Cheek, JA; Lieutenant Colonel Tiffany M. Pond, JA; Lieutenant Christopher D. Carrier, JA (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Captain Austin L. Fenwick, JA; Captain Joshua Banister, JA (on brief).

28 August 2018

-------------------------------
SUMMARY DISPOSITION
-------------------------------

BURTON, Senior Judge:

A military judge does not abuse his discretion by not abating a proceeding when the evidence is NOT of such central importance to an issue that it is essential to a fair trial and there is an adequate substitute for the evidence.

A military judge sitting as a general court-marital convicted appellant contrary to his pleas, of one specification of attempting to commit a lewd act upon a child who had attained the age of 12, but had not attained the age of 16, by intentionally communicating indecent language, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. §880 (2012)[UCMJ]. Appellant was acquitted of one specification of attempting to commit a sexual act upon a minor in violation of Article 80, UCMJ, one specification of conduct unbecoming an officer and gentlemen in violation of Article 133, UCMJ, and one specification of the

assimilated federal offense of child enticement, in violation of Article 134, UCMJ.[1] The military judge sentenced appellant to a dismissal and confinement for ten months. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion, but no relief. Appellant personally raised several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), some of which overlap the assigned errors, but none of which merit relief.

## BACKGROUND

On 30 June 2014, Investigator (INV) JG of the Internet Crimes Against Children (ICAC) taskforce for the Daleville Police Department posted an advertisement on Craigslist as part of his official duties. Appellant responded to INV JG's advertisement and identified himself as "Chris." Investigator JG identified himself as "Brandi." After exchanging some messages on Craigslist, appellant and "Brandi" agreed to communicate by text message; appellant provided "Brandi" his cell phone number and "Brandi" provided the number to an undercover police cellphone.

Appellant and "Brandi" exchanged several text messages between 30 June 2014 and 3 July 2014. When appellant asked "Brandi" to send a photo of herself, INV JG sent appellant a photo of a twenty-one-year-old woman who worked as a dispatcher at the Daleville Police Department. After receiving the picture, appellant replied, "Your lips look really kissable though. We might be better off just making out lol." "Brandi" responded, "I drive now when I have a ride lol but not suppose to got permit that's y I'm waiting on bday. Lol big 16." Later, appellant and "Brandi," discussed meeting. Appellant, after suggesting a ride on his motorcycle, hanging out at the pool, or going fishing, told "Brandi" "Well we can have some fun too ;)" and "I do love giving oral. It's like a fetish lol." Later "Brandi" told appellant, "Ok

---

[1] After arraignment but before pleas, the convening authority dismissed: two specifications under Article 92, UCMJ, which alleged violations of a regulation in dealings with a recruit; twenty-two specifications under Article 133, UCMJ, which alleged, *inter alia*, soliciting what he believed to be a fifteen-year-old girl to perform sexual acts with her, improper conduct with a recruit, sending nude photographs and videos to a warrant officer, various improprieties in placing and responding to advertisements on Craigslist, improper sexual contact with various women not his wife; and one specification under Article 134, UCMJ, alleging adultery. In addition, the military judge dismissed one specification each under Articles 133 and 134, UCMJ.

kewl…I might can get a ride if not u can get me. Lol sry don't have a car have to borrow one getting one thou 4 my 16 th b day in September from grandparents in S.C. Sry sucks 2 b me." "Brandi" asked appellant, "Ever been with a young gurl" like me b 4." In further discussions about what they would do when meeting, appellant sent the following messages: "Ride my tongue and cum on my face"; "Then I slide you down on top of my hard cock"; "Ride me until you start to cum again and jump back on my face". These messages formed the basis for the charge of which appellant was convicted.

Appellant was apprehended when he attempted to meet "Brandi" on 3 July 2014. Investigator JG testified to his conversation with appellant at the time of the apprehension:

> When I took [appellant] and we stepped off to the side, I said "What is it that you need?" [Appellant] looked at me and said "Don't you think you're being a little ridiculous." And I said "Enlighten me, what's ridiculous?" [Appellant] said "Do you see anything wrong with taking a 15 year old to eat and for a motorcycle ride?" My response to [appellant] at that time was "Yeah, I see everything wrong with it, especially after you " and I held up the phone "texted me all of these nice sexual things that you would like to do when you thought I was a 15-year-old. I wouldn't take my 15-year-old niece out to eat or for a motorcycle ride. So yes, I do have a problem with it, and yes you're under arrest."

After appellant's arrest, INV JG took screenshots of the messages from the police iPhone that he was using to communicate with appellant. According to INV JG, it was the department's practice to take screenshots of the messages, store them on a computer disk and then reset the phone to factory settings so that phone could be used in other investigations. These screenshots were admitted at trial. The police iPhone, however, was not available at trial.

Two of appellant's close friends testified that the phone number that INV JG was communicating with belonged to appellant.

At trial the defense filed several motions to exclude evidence. The military judge suppressed the physical extraction of evidence from appellant's phone and any derivative evidence of such extraction. Defense counsel also moved to abate the proceedings on the grounds that the screenshots from the police iPhone were not an adequate substitute for iPhone itself. The military judge denied this motion.

**LAW AND DISCUSSION**

Appellant asserts on appeal that the military judge erred by failing to abate the proceedings on the basis that the actual iPhone used by INV JG was restored to factory settings, the phone was either broken or lost before a forensic exam could be conducted, and, more importantly, before the defense ever had a chance to review the iPhone or its contents.[2]  We disagree.

"A military judge's failure to abate proceeding is reviewed for an abuse of discretion."  *United States v. Simmermacher*, 74 M.J. 196, 199 (C.A.A.F. 2015) (citing *United States v. Ivey*, 55 M.J. 251, 256 (C.A.A.F. 2001)).  An abuse of discretion occurs when a court's findings of fact are clearly erroneous or the decision is influenced by an erroneous view of the law.  *United States v. Lubich*, 72 M.J. 170, 173 (C.A.A.F. 2013).  On a motion to abate, the defense bears the burden of persuasion on any factual issue, the resolution of which is necessary to decide the motion.  Rule for Court-Martial [R.C.M.] 905(c)(2)(A).

Rule for Courts-Martial (R.C.M.) 703(f)(2) provides, in pertinent part:

> a party is not entitled to the production of evidence which is destroyed, lost, or otherwise not subject to compulsory process. However, if such evidence is of such central importance to an issue that it is essential to a fair trial, and if there is no adequate substitute for such evidence, the military judge shall grant a continuance or other relief in order to attempt to produce the evidence or shall abate the proceedings, unless the unavailability of the evidence is the fault of or could have been prevented by the requesting party.

Constitutional due process protections of this kind require an appellant to prove bad faith on the part of the government.  *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).  The Court of Appeals for the Armed Forces (CAAF), however, has held that "R.C.M. 703(f)(2) is an additional protection the President granted to servicemembers whose lost or destroyed evidence fall within the rule's criteria."  *Simmermacher*, 74 M.J. at 201.  Bad faith need not be proven.

When seeking abatement because evidence was destroyed, the defense must show:  1) the evidence is of such central importance to an issue that it is essential to a fair trial; 2) there is no adequate substitute for the evidence; and 3) the defense was not at fault for the evidence being destroyed.  R.C.M. 703(f)(2).  Abatement of

---

[2] Both parties stipulated at trial the evidence sought by the defense was destroyed.

the proceedings is only a remedy when all three criteria of the above rule are satisfied. *Simmermacher*, 74 M.J. at 201 fn. 5.

As an initial matter, we do not find the military judge's findings of fact were clearly erroneous. The military judge found INV JG took screenshots of the text messages on the police iPhone covering the period 30 June through 3 July 2014, and that the data from the iPhone was destroyed. Messages from this same period of time were recovered from appellant's phone; however, these messages were suppressed. Though suppressed, the defense relied on the messages to show the military judge that four messages contained on appellant's phone were not in the messages taken from the police iPhone. The military judge found these discrepancies were likely the result of carrier delays in sending and receiving of the messages, accidental deletion by INV JG, and/or INV JG's failure to capture all of the messages when capturing the screenshots from the police iPhone. In rendering these findings, the military judge had the benefit of INV JG's testimony, which included extensive cross-examination by defense counsel as to INV JG's investigation of appellant, handling of the police iPhone, and other matters which bore upon his credibility.

The true issue becomes whether or not the screenshots of messages recovered from the police iPhone instead of the messages recovered from appellant's phone are of central importance. Examining the military judge's legal conclusions, we agree that the actual police iPhone was not of such central importance that it was essential to a fair trial. The text messages are evidence of communication between "Brandi" and the appellant. The only evidence available, minus the suppressed extraction from appellant's phone, are the screenshots from the police iPhone and INV JG's testimony. There is no way to conduct an analysis of the metadata about the origin and timing of the messages. However there is testimony as to when the messages were sent and received as well as screenshots of the messages. Investigator JG testified that the communications occurred between 30 June 2014 and 3 July 2014 and that he captured screenshots of the messages on 3 July 2014, the date of appellant's apprehension.

During the motions hearing the following four messages from the information suppressed from appellant's phone were argued as being missing from the images captured from the police iPhone: "No sir u wish u had dis little ass not me"; "u wish"; "when?" and "when". These four messages were not offered into evidence by appellant at trial to establish a defense and appellant has not shown how these missing messages are of central importance to this case. In other words, even though the military judge suppressed the images from appellant's phone, this did not prevent defense counsel from nonetheless using the information to support a defense of some sort at trial. Assuming arguendo that the defense is alleging that other messages are missing or that these are not the actual messages exchanged between appellant and "Brandi," there was no evidence presented to buttress these positions.

Assuming that the text messages between appellant and "Brandi" were of central importance, we also agree with the military judge that an adequate substitute for the police iPhone existed. Whether an adequate substitute exists for destroyed evidence depends upon the purpose of the evidence. In *Simmermacher*, the CAAF found no reasonable substitute existed because the appellant was "challenging whether the government's urinalysis test result was in fact correct and whether there had been any adulterations to or misidentifications of the sample." *Simmermacher*, 74 M.J. at 202. Because the urine sample was the sole source of evidence for the government's allegations, a laboratory report could not effectuate this purpose without the sample. *Id*. When determining whether an adequate substitute is available, a military judge has broad discretion. *Simmermacher*, 74 M.J. at 202. Though the police iPhone that was used by INV JG was not available, images of the text messages sent to and received from that phone were available. The government presented testimony that the number used to communicate with "Brandi" belonged to appellant. Finally, INV JG testified and was subject to cross-examination concerning his investigation, including his less-than exemplary method of capturing the text messages with appellant.[3]

Based on the facts of this case, we conclude the military judge did not abuse his discretion by failing to abate the proceedings.

### CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judge CELTNIEKS and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] While not relevant to our analysis, we reject the government's suggestion that appellant had a role in the destruction of the evidence.