# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

---

**No. ACM 40308**

---

**UNITED STATES**
*Appellee*

**v.**

**Jesse R. REYNOLDS**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

---

Appeal from the United States Air Force Trial Judiciary

Decided 28 September 2023

---

*Military Judge*: Matthew N. McCall (arraignment); Jason M. Kellhofer.

*Sentence*: Sentence adjudged 15 March 2022 by GCM convened at Shaw Air Force Base, South Carolina. Sentence entered by military judge on 25 May 2022: Dishonorable discharge, confinement for 5 years, forfeiture of all pay and allowances, reduction to E-1.

*For Appellant*: Major Abhishek S. Kambli, USAF.

*For Appellee*: Major Morgan R. Christie, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, ANNEXSTAD, and BREEN, *Appellate Military Judges*.

---

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge with two specifications of abusive sexual contact; one charge with one specification of sexual abuse of a child involving indecent communication; one charge with one specification of aggravated assault and one specification of assault

consummated by a battery; one charge with one specification of obstruction of justice; and one charge with six specifications of assault consummated by a battery in violation of Articles 120, 120b, 128, and 131b, Uniform of Code Military Justice (UCMJ), 10 U.S.C. §§ 920, 920b, 928, 931b.[1,2] After accepting Appellant's pleas, the military judge sentenced Appellant to a dishonorable discharge, confinement for a total of five years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant raises one issue: whether his sentence is inappropriately severe.[3] We have carefully considered this issue, and find no discussion or relief is warranted. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356 (C.M.A. 1987)).

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).[4,5]

---

[1] All references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Pursuant to a plea agreement, the remaining charges and specifications were dismissed without prejudice, to be dismissed with prejudice upon completion of appellate review: one specification of communicating a threat; six specifications of sexual assault; and two specifications of unlawfully photographing the private area of another, in violation of Articles 115, 120, and 120c, UCMJ, 10 U.S.C. §§ 915, 920, 920c.

[3] Appellant personally raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] Although not raised by Appellant, we note that the record of trial does not contain a copy of the recording of the preliminary hearing. R.C.M. 405(j)(5) requires the Government to ensure the preliminary hearing is recorded and R.C.M. 405(l)(2)(B) requires this recording be included as part of the preliminary hearing report. Additionally, if not offered as an exhibit, R.C.M. 1112(f)(1)(A) requires the preliminary hearing report be attached as part of the record for appellate review. Appellant has not claimed prejudice from this omission, and we find none. Moreover, despite this omission we were able to complete our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

[5] We also note an error on the charge sheet. One specification of abusive sexual contact in violation of Article 120, UCMJ (Specification 1 of Charge II), is lined out and contains illegible writing. It appears the Government made this error when it lined out the specifications that had been withdrawn and dismissed pursuant to the plea agreement. Appellant's plea agreement and plea at trial, and the military judge's findings, Statement of Trial Results, and entry of judgment all indicate that Specification 1 of Charge II was not withdrawn and dismissed. We discern no material prejudice to Appellant's substantive rights from this error. *See United States v. Rodgers*, 78 M.J. 736,

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

738 (A.F. Ct. Crim App. 2019) (finding that an unnoticed error at trial without legal effect had no impact on the course of the trial and did not prejudice the appellant).