# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM 40119

_____

### UNITED STATES
*Appellee*

**v.**

### Ervin D. MCCOY
Airman (E-2), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 9 November 2023

_____

*Military Judge*: Colin P. Eichenberger.

*Sentence*: Sentence adjudged 1 April 2021 by GCM convened at Vandenberg Air Force Base, California. Sentence entered by military judge on 26 April 2021: Dishonorable discharge, confinement for 2 years, and reduction to E-1.

*For Appellant*: Major Matthew L. Blyth, USAF; Major Alexandra K. Fleszar, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Lieutenant Colonel Meredith L. Steer, USAF; Major John P. Patera, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, RAMÍREZ, and GRUEN, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge GRUEN joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

RAMÍREZ, Judge:

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] The members found Appellant not guilty of a second specification of sexual assault against the same victim also in violation of Article 120, UCMJ. The members sentenced Appellant to a dishonorable discharge, confinement for two years, and reduction to the grade of E-1. The convening authority took no action on the findings or sentence.

On 26 July 2022, Appellant raised eight issues[2] on appeal, which we reword as follows: (1) whether Appellant's sexual assault conviction is factually sufficient; (2) whether the military judge abused his discretion concerning Mil. R. Evid. 404(b) evidence; (3) whether the circuit trial counsel engaged in improper argument; (4) whether the military judge erred when he denied a defense request for a unanimous verdict; (5) whether the convening authority erred when he denied a deferment request Appellant did not request and failed to address Appellant's request for a suspension; (6) whether the convening authority had jurisdiction over Appellant; (7) whether Appellant's sexual assault conviction is legally sufficient; and (8) whether the omission of open-session audio recordings from the record of trial is a substantial omission, thereby limiting this court's ability to approve a punitive discharge or confinement in excess of six months.

This case is before us a second time as we earlier addressed issue (8). On 31 October 2022, this court returned the record of trial to the military judge pursuant to Rule for Courts-Martial (R.C.M.) 1112(d) as the disc containing the audio recording from Appellant's trial was missing. *United States v. McCoy*, No. ACM 40119, 2022 CCA LEXIS 632, at \*3 (A.F. Ct. Crim. App. 31 Oct. 2022) (order).[3] The issue has since been resolved. The case was re-docketed with this court with a corrected record.

We remand this case for a second time as we find that the fifth issue concerning the convening authority's failure to properly consider and act on

---

[1] All references in this opinion to the UCMJ, the Military Rules of Evidence, and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Issues 6, 7, and 8 are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] We note the remand order had a scrivener's error incorrectly identifying the date of docketing as 6 July 2022; the correct date is 6 July 2021.

Appellant's suspension request has merit and must be addressed before we consider the remaining issues.

## I. BACKGROUND

As it pertains to this remand issue, Appellant, through trial defense counsel, submitted matters to the convening authority on 9 April 2021 requesting that the convening authority "suspend his reduction in rank pending the execution of his dishonorable discharge." Appellant did not mention or ask for deferment. On 23 April 2021, the convening authority issued his decision on action. In the document, the convening authority specifically took "no action on the sentence." Additionally, the convening authority incorrectly stated that "[o]n 9 April 2021, [Appellant] requested *deferment* of the reduction in grade pending the execution of his dishonorable discharge. That request is hereby denied." (Emphasis added).

As part of issue (5), Appellant requests this court remand his case for the convening authority to properly consider and act on his request.

## II. DISCUSSION

### A. Law

We review issues concerning post-trial processing de novo. *United States v. Zegarrundo*, 77 M.J. 612, 613 (A.F. Ct. Crim. App. 2018) (citation omitted).

"Deferment of a sentence . . . is a postponement of the running of the sentence." R.C.M. 1103(a)(2). "Suspension of a sentence grants the [appellant] a probationary period during which the suspended part of a sentence is not executed, and upon the [appellant's] successful completion of which the suspended part of the sentence shall be remitted." R.C.M. 1107(a). When an appellant requests deferment, he has "the burden of showing that the interests of the [appellant] and the community in deferral outweigh the community's interests in imposition of the punishment on its effective date." R.C.M. 1103(d)(2). On the other hand, R.C.M. 1107 puts no such burden on an appellant concerning the request for a suspension.

"A motion to correct an error in the action of the convening authority shall be filed within five days after the party receives the convening authority's action." R.C.M. 1104(b)(2)(B). An appellant's "failure to file a post-trial motion within the allotted time forfeits his or her right to object to the accuracy of the convening authority's decision on an action, absent plain error." *United States v. Miller*, 82 M.J. 204, 207 (C.A.A.F. 2022) (footnote omitted). "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused." *Id*. at 207–08 (citation omitted).

"[B]ecause of the highly discretionary nature of the convening authority's clemency power, the threshold for showing prejudice is low." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999). "This Court will give an appellant the benefit of the doubt and find that there is material prejudice to the substantial rights of an appellant if there is an error and the appellant makes some colorable showing of possible prejudice." *Id.* (citation and internal quotation marks omitted).

**B. Analysis**

As Appellant failed to file a post-trial motion, we test for plain error. A review of Appellant's post-trial request at issue and the convening authority's decision on action makes clear that the convening authority committed error by failing to consider Appellant's request for suspension of his rank reduction.

The Government contends that "[i]f the [c]onvening [a]uthority erred, then the error is a minor technical error of law that did not materially prejudice the substantial rights of Appellant," because "[i]t is hard to fathom that the [c]onvening [a]uthority would have denied the much shorter request for a deferment under R.C.M. 1103, but would have granted the request for Appellant to continue to serve in the rank of Airman [ ] pending execution of the dishonorable discharge." Noting the Government's argument, we will not guess as to what the convening authority would have done in this situation.

The bar for prejudice is low and we have nothing in the record demonstrating that the convening authority ever acted on Appellant's suspension request, much less considered the request. Furthermore, because the legal standards that govern suspension and deferment are different, we cannot be sure that the convening authority was advised of or used the proper legal standard. Because the convening authority had the ability to grant the suspension but does not appear to have considered it, we find there is a colorable showing of prejudice. We will not presume that the convening authority considered the request or what the convening authority might have done. *See United States v. Valentin-Andino*, 83 M.J. 537, 542 (A.F. Ct. Crim. App. 2023). As such, remand is appropriate.

In addition to the convening authority's decision misstating Appellant's request and appearing to act upon a request that did not occur, we note that the entry of judgment also incorrectly states Appellant requested a deferment, not a suspension.

## III. CONCLUSION

Pursuant to R.C.M. 1112(d)(2), this case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing. Specifically, this case is being returned for the convening

authority to address Appellant's request to suspend his reduction in rank, and the military judge to correct errors in the entry of judgment.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority for processing consistent with this opinion, specifically to have the convening authority or his successor affirmatively grant or deny Appellant's request to suspend his reduction in rank;

(2) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and

(3) Correct or modify the entry of judgment.

Thereafter the record will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d). The record of trial shall be returned to the court not later than **7 December 2023**. If the record cannot be returned to the court by that date, the Government will inform the court in writing not later than 30 November 2023 of the status of the Government's compliance with this opinion.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court